**MCGUIREWOODS LLP**
JOSEPH V. QUATTROCCHI (SBN 257568)
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone:    310.315.8200
Facsimile:    310.315.8210
Email:    jquattrocchi@mcguirewoods.com

Attorney for Defendants
BANK OF AMERICA, N.A. and THE BANK OF NEW YORK MELLON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| TINA M. VASQUEZ, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF AMERICA, N.A., a national association; THE BANK OF NEW YORK MELLON, and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | CASE NO.  3:13-cv-02902-JST<br><br>**DEFENDANTS'S NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　September 19, 2013<br>Time:　　　2:00 p.m.<br>Judge:　　Hon. Jon S. Tigar<br>Courtroom: 9<br><br>Date Complaint Filed:　June 24, 2013<br>FAC Filed:　　　　　August 12, 2013<br>Trial Date:　　　　　None Set |

**TO ALL PARTIES AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 19, 2013 at 2:00 p.m., or as soon thereafter as this matter may be heard, before Courtroom 9, before the Honorable Jon S. Tigar of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Defendants BANK OF AMERICA, N.A. and THE BANK OF NEW YORK MELLON ("Defendants") will move the Court pursuant to Fed. R. Civ. Proc. Rule 12(b)(6) for an order dismissing Plaintiff's First Amended Complaint ("FAC") filed on June 24, 2013 and all claims alleged against Defendants.

The grounds for this motion are: (1) Plaintiff has failed to state a claim against Defendants upon which relief can be granted [Fed. Rule Civ. P. 12(b)(6)]; (2) the FAC is not pled with the particularity requirements of Fed. Rule Civ. P. 9(b); (3) the FAC's defects are such that they are incurable and incapable of amendment; and (4) Plaintiff can prove no set of facts in support of her claims which would entitle her to relief. Accordingly, Plaintiff's FAC and the claims brought against Defendants therein contained should be dismissed with prejudice.

The Motion will be based on this Notice of Motion, the supporting Memorandum of Points and Authorities attached hereto, the judicially noticed documents, the pleadings, records and files in this action, and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

**MCGUIREWOODS LLP**

By: */s/ Joseph v. Quattrocchi*
       Joseph V. Quattrocchi, Esq.
       Attorneys for Defendants
       BANK OF AMERICA, N.A. and
       THE BANK OF NEW YORK MELLON

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  STANDARD OF REVIEW ................................................................................. 1

III. THE FAC MUST BE DISMISSED FOR FAILURE TO SATISFY FED. R. CIV.
     P. 8(A). ........................................................................................................... 2

IV.  PLAINTIFF'S INDIVIDUAL CLAIMS FAIL AS A MATTER OF LAW ..................... 3

     A.   *Cal. Civ. Code* § 2923.6 Does Not Apply to This Matter. ........................ 3

     B.   Plaintiff's *Cal. Civ. Code* § 2924 Claim Fails as a Matter of Law. ............ 6

     C.   The Equal Credit Opportunity Act [11 U.S.C. § 1691] Does Not Apply in
          This Matter. ......................................................................................... 7

     D.   Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing Claim
          Fails ..................................................................................................... 9

     E.   Plaintiff Fails to State a Promissory Estoppel Claim Because There Was No
          Clear Unambiguous Promise, Defendants' Alleged Assurances Were Not
          Reduced to Writing, and Plaintiff Was Obligated to Remain Current on Her
          Loan. .................................................................................................. 12

          1.   The DOT Cannot be Modified by an Alleged Oral Promise Because
               Such a Claim is Barred by the Statute of Frauds. ........................... 12

          2.   Plaintiff Does Not Allege Justifiable Reliance. ............................... 14

     F.   Plaintiff's Fraud-Based Claims Fail. ...................................................... 16

          1.   Plaintiff's Fraud-Based Claims Fail Under Rule 9(b). .................... 16

          2.   Plaintiff's Fraud-Based Claims Remain Improperly Pled. ............... 17

          3.   Plaintiff Fails to Allege Reasonable Reliance or Resulting Damages. ...... 18

     G.   The Negligent Misrepresentation Claim Fails for Want of a Duty. ............ 19

     H.   Plaintiff's UCL Claim Continues to Fail. ............................................... 20

          1.   Plaintiff Lacks Standing to Pursue a UCL Claim. .......................... 20

          2.   Plaintiff's UCL Claim is Ill-Pled. ................................................. 20

V.   SHOULD THIS COURT DISMISS PLAINTIFF'S ONE AND ONLY FEDERAL
     CLAIM WITH PREJUDICE BUT GRANT LEAVE TO AMEND ANY OF THE
     STATE LAW CLAIMS, DEFENDANTS REQUEST THAT THIS COURT
     DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE
     STATE LAW CLAIMS AND DISMISS THIS MATTER FOR RENEWAL IN
     STATE COURT. ............................................................................................. 22

VI.  CONCLUSION. ............................................................................................... 23

i

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ashcroft v. Iqbal*
    129 S.Ct. 1937 (2009) ......................................................................................... 1

*Aspray v. Fed. Home Loan Mortg. Corp.*
    2011 U.S. Dist. LEXIS 46029 (C.D. Cal. 2011) ......................................... 6

*Benaga v. Taylor Bean Mortg. Co.*
    2011 U.S. Dist. LEXIS 122804 (N.D. Cal. 2011) ................................... 16

*Bates ex rel. Bates v. Mortgage Elec. Reg. Sys.*
    694 F.3d 1076 (9th Cir. 2012) ......................................................................... 3

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ......................................................................... 1, 2, 8, 9

*Bonin v. Calderon*
    59 F.3d 815 (9th Cir. 1995) ........................................................................... 23

*Burton v. Nationstar Mortg. LLC*
    2013 U.S. Dist. LEXIS 75467 (E.D. Cal. 2013) ......................................... 8

*Carson v. Bank of Am., N.A.*
    2013 U.S. Dist. LEXIS 12800 (E.D. Cal. 2013) ................................... 18, 21

*Crews v. Wachovia Mortg. Corp.*
    2010 U.S. Dist. LEXIS 77660 (C.D. Cal. 2010) ....................................... 15

*DeCordova v. Winterland Concessions Co.*
    1992 U.S. Dist. LEXIS 13541 (N.D. Cal.1992) ......................................... 6

*Benaga v. Taylor Bean Mortg. Co.*
    2011 U.S. Dist. LEXIS 122804 (N.D. Cal. 2011) ................................... 16

*Desaigoudar v. Meyercord*
    223 F.3d 1020 (9th Cir. 2000) ....................................................................... 16

*Durning v. First Boston Corp.*
    815 F.2d 1265 (9th Cir. 1987) ......................................................................... 1

*Facebook, Inc. v. Power Ventures, Inc.*
    2009 U.S. Dist. LEXIS 103662 (N.D. Cal. 2009) ..................................... 5

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

*Ferrington v. McAfee, Inc.*
   2010 U.S. Dist. LEXIS 106600 (N.D. Cal. 2010) ........................................................ 21

*Franczak v. Suntrust Mortg. Inc.*
   2013 U.S. Dist. LEXIS 31138 (N.D. Cal. 2013) ................................................. 8, 10, 11

*Gauvin v. Tombatore*
   682 F.Supp. 1067 (N.D. Cal. 1988) ............................................................................. 2

*Glover v. Fremont Inv. & Loan*
   2009 U.S. Dist. LEXIS 117890 (N.D. Cal. 2009) ...................................................... 8

*Hafiz v. Greenpoint Mortgage Funding, Inc.*
   652 F.Supp.2d 1039 (N.D. Cal. 2009) ................................................................. 7, 8

*Harris v. Wells Fargo Bank, N.A.*
   2013 U.S. Dist. LEXIS 61847 (N.D. Cal. 2013) ................................................ 17, 19

*Homsy v. Bank of Am., N.A.*
   2013 U.S. Dist. LEXIS 80130 (N.D. Cal. 2013) ........................................................ 3

*Kennedy v. Bank of Am., N.A.*
   2012 U.S. Dist. LEXIS 58636 (N.D. Cal. 2012) ........................................................ 3

*Lozano v. AT&T Wireless Servs.*
   504 F.3d 718 (9th Cir. 2007) ...................................................................................... 21

*McNeil v. Home Budget Loans*
   2010 U.S. Dist. LEXIS 58111 (C.D. Cal. 2010) ........................................................ 2

*Mehta v. Wells Fargo Bank, N.A.*
   737 F. Supp. 2d 1185 (S.D. Cal. 2010) ..................................................................... 13

*Miller v. Rykoff-Sexton, Inc.*
   845 F.2d 209 (9th Cir. 1988) ...................................................................................... 23

*Navarro v. Block*
   250 F.3d 729 (9th Cir. 2001) ........................................................................................ 1

*Newgent v. Wells Fargo Bank, N.A.*
   2010 U.S. Dist. LEXIS 18476 (S.D. Cal. 2010) ...................................................... 15

*Ortiz v. Am.'s Servicing Co.*
   2012 U.S. Dist. LEXIS 82092 (C.D. Cal. 2012) ...................................................... 15

*Owens v. Bank of America, N.A.*
   2012 U.S. Dist. LEXIS 154435 (N.D. Cal. 2012) ...................................................... 8

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

*Pacini v. Nationstar Mortgage LLC*
    2013 U.S. Dist. LEXIS 84215 (N.D. Cal. 2013)..................................................... 10, 11, 15, 17

*Phipps v. Wells Fargo Bank, N.A.*
    2011 U.S. Dist. LEXIS 10550 (E.D. Cal. 2011) ............................................................. 13, 14

*Pitre v. Wells Fargo Bank, N.A.*
    2013 U.S. Dist. LEXIS 71372 (N.D. Cal. 2013).................................................................... 3

*Plastino v. Wells Fargo Bank*
    873 F.Supp.2d 1179 (N.D. Cal. 2012) ............................................................................... 10

*Ren v. Wells Fargo Bank, N.A.*
    2013 U.S. Dist. LEXIS 80575 (N.D. Cal. 2013)............................................................. 10, 11

*Rosenfeld v. JPMorgan Chase Bank, N.A.*
    732 F.Supp.2d 952 (N.D. Cal. 2010) ................................................................................. 10

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011) ............................................................................................. 5

*Toneman v. United States Bank*
    2013 U.S. Dist. LEXIS 98996 (C.D. Cal. 2013) .................................................................. 3

*United Mine Workers v. Gibbs*
    383 U.S. 715,726 (1966) .................................................................................................... 23

*Wayne Merritt Motor Co. v. N.H. Ins. Co.*
    2012 U.S. Dist. LEXIS 105117 (N.D. Cal. 2012) ............................................................. 16

*Wiebe v. NDEX West, LLC*
    2010 U.S. Dist. LEXIS 49555 (C.D. Cal. 2010) ................................................................. 6

*Winterbower v. Wells Fargo Bank, N.A.*
    2013 U.S. Dist. LEXIS 44087 (C.D. Cal. 2013) ................................................................. 4

**CALIFORNIA CASES**

*Aceves v. U.S. Bank N.A.*
    192 Cal. App.4th 218 (2011)........................................................................................ 6, 7, 15

*Advanced Choices, Inc. v. State Dept. of Health Services*
    182 Cal.App.4th 1661 (2010).............................................................................................. 12

*Berryman v. Merit Prop. Mgmt., Inc.*
    152 Cal.App.4th 1544 (2007).............................................................................................. 21

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

*Cadlo v. Owens-Illinois, Inc.*
  125 Cal.App.4th 513 (2004) ............................................................. 18

*Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*
  20 Cal.4th 163 (1999) .................................................................... 20

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*
  222 Cal.App.3d 1371 (1990) ........................................................... 11

*Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*
  2 Cal.4th 342 (1992) ..................................................................... 10

*Conrad v. Bank of Am.*
  45 Cal.App.4th 133 (1996) .............................................................. 15

*Conroy v. Regents of Univ. of Cal.*
  45 Cal.4th 1244 (2009) .................................................................. 16

*Covenant Care, Inc. v. Superior Court*
  32 Cal.4th 771 (2004) .................................................................. 3, 5

*Das v. Bank of America, N.A.*
  186 Cal.App.4th 727 (2010) ............................................................ 19

*Durell v. Sharp Healthcare*
  183 Cal.App.4th 1350 (2010) ........................................................... 20

*Garcia v. World Savings FSB*
  183 Cal.App.4th 1031 (2010) ........................................................... 15

*Gomes v. Countrywide Home Loans*, Inc.
  192 Cal.App.4th 1149 (2011) .......................................................... 6, 7

*Guz v. Bechtel Nat. Inc.*
  24 Cal.4th 317 (2000) .................................................................... 10

*Hendy v. Losse*
  54 Cal. 3d 723 (1991) .................................................................... 23

*Homestead Sav. v. Darmiento*
  230 Cal.App.3d 424 (1991) ............................................................... 6

*Karlsen v. Am. Sav. & Loan Assn.*
  15 Cal.App.3d 112 (1971) ............................................................... 13

*Khoury v. Maly's of Cal., Inc.*
  14 Cal.App.4th 612 (1993) .............................................................. 21

*Klein v. Earth Elements*
    59 Cal.App.4th 965 (1997).................................................................21

*Krantz v. BT Visual Images*
    89 Cal.App.4th 164 (2001).................................................................21

*Kurinij v. Hanna & Morton*
    55 Cal.App.4th 853 (1997).................................................................19

*Lazar v. Hertz Corp.*
    69 Cal.App.4th 1494 (1999)................................................................21

*Lazar v. Super. Ct.*
    12 Cal.4th 631 (1996).......................................................................17

*Lopez v. Nissan North America, Inc.*
    201 Cal.App.4th 572 (2011)...............................................................17

*Moeller v. Lien*
    25 Cal.App.4th 822 (1994)...................................................................6

*Motors, Inc. v. Times Mirror Co.*
    102 Cal.App.3d 735 (1980).................................................................21

*National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.*
    171 Cal.App.4th 35 (2009).................................................................17

*Nguyen v. Calhoun*
    105 Cal.App.4th 428 (2003)...............................................................13

*Nymark v. Heart Fed. Savings & Loan Assn.*
    231 Cal.App.3d 1089 (1991)...............................................................19

*Oakland Raiders v. Oakland-Alameda Co. Coliseum*
    144 Cal.App.4th 1175 (2006)..............................................................16

*People v. McKale*
    25 Cal. 3d 626 (1979).......................................................................21

*Perlas v. GMAC Mortgage LLC*
    187 Cal.App.4th 429 (2010)...........................................................17, 19

*Pfeifer v. Countrywide Home Loans, Inc.*
    211 Cal.App.4th 1250 (2012)................................................................3

*Racine & Laramie, Ltd. v. California Dep't of Parks & Recreation*
    11 Cal.App.4th 1026 (1992)...............................................................10

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*
   72 Cal.App.4th 861 (1999)..................................................................................21

*Saunders v. Sup. Ct.*
   27 Cal.App.4th 832 (1994)..................................................................................20

*Scripps Clinic v. Superior Court*
   108 Cal.App.4th 917 (2003)................................................................................21

*Secrest v. Security National Mortgage Loan Trust 2002-2*
   167 Cal.App.4th (2008)........................................................................13, 14, 18

*Sierra-Bay Fed. Land Bank Assn. v. Superior Court*
   227 Cal.App.3d 318 (1991).................................................................18, 19, 20

*Small v. Fritz Cos., Inc.*
   30 Cal. 4th 167 (2003).................................................................................18, 19

*Smith v. City & County of San Francisco*
   225 Cal.App.3d 38 (1990)..................................................................................12

*Stafford v. Clinard*
   87 Cal.App.2d 480 (1948)..........................................................................13, 14

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
   2 Cal.App.4th 153 (1991).......................................................................16, 17, 18

*Toscano v. Greene Music*
   124 Cal.App.4th 685 (2004)................................................................................12

*U.S. Ecology, Inc. v. California*
   129 Cal.App.4th 887 (2005)................................................................................12

*Vikco Ins. Servs., Inc. v. Ohio Indemnity Co.*
   70 Cal.App.4th 55 (1999).....................................................................................6

*Warren v. Merrill*
   143 Cal.App.4th 96 (2006)..................................................................................16

**FEDERAL STATUTES**

12 C.F.R.
   § 202.2(c)(2)(ii)..................................................................................................8
   § 202.2(j)............................................................................................................8

11 U.S.C .
   § 1691.........................................................................................................1, 7, 8

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

15 U.S.C.
    § 1691. ................................................................................................................ 8
    § 1691(a)(1) ........................................................................................................ 7
    § 1691(c) ............................................................................................................. 7
    § 1691(d)(1) ........................................................................................................ 7
    § 1691(d)(6) ........................................................................................................ 8

28 U.S.C.
    § 1367(a) ........................................................................................................... 22

Fed. R. Civ. P.
    Rule 8 ............................................................................................................. 2, 5
    Rule 9(b) .................................................................... 16, 17, 18, 19, 21, 22
    Rule 12(b)(6) .................................................................................................... 1
    Rule 8(a) ......................................................................................................... 2, 5

**CALIFORNIA STATUTES**

*Cal. Bus. & Prof. Code*
    § 17200 ............................................................................................................. 1
    § 17204 ........................................................................................................... 20

*Cal. Civ. Code*
    § 1624(a)(3) (2008) ...................................................................................... 13
    § 1698 ........................................................................................................ 13, 14
    § 1710(2) ........................................................................................................ 16
    § 2923 ............................................................................................................. 22
    § 2923.6 .................................................................................................. 1, 3, 4, 5
    § 2923.6(g) ...................................................................................................... 4
    § 2924 ................................................................................................. 1, 6, 7, 22
    §§ 2924 - 2924k .............................................................................................. 6

**OTHER AUTHORITIES**

Article III of the United States Constitution ................................................ 22

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Aside from adding Defendants THE BANK OF NEW YORK MELLON ("BONY") as a party to this action, Plaintiff TINA M. VASQUEZ's ("Plaintiff") First Amended Complaint ("FAC") is a verbatim copy of her Original Complaint.  As with the Original, the FAC relates to a $492,000 mortgage loan she obtained in June 2005 from Countrywide Home Loans, Inc. ("CHL") to purchase real property at 25703 Barnard Street, Hayward, CA 94544 (the "Subject Property").  Plaintiff brings this action seeking to challenge the Subject Property's impending foreclosure sale by suing Defendants BANK OF AMERICA, N.A. ("BANA") and BONY (collectively, "Defendants").  The FAC alleges wrongdoing related to the origination, modification and foreclosure processes and asserts eight causes of action for: (1) Violation of *Cal. Civ. Code* § 2923.6; (2) Violations of *Cal. Civ. Code* § 2924, *et seq.*; (3) Violation of 11 U.S.C. § 1691; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Promissory Estoppel; (6) Fraud; (7) Negligent Misrepresentation, and (8) Violation of *Cal. Bus. & Prof. Code* § 17200.  The applicable law however does not support a viable cause of action under any of Plaintiff's asserted claims. Furthermore, the FAC does not assert a *single* allegation of wrongdoing against BONY. Accordingly, Defendants respectfully move this Court to dismiss the FAC with prejudice.

## II.  STANDARD OF REVIEW

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal sufficiency of the Complaint.  *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  Rather, Plaintiff must allege sufficient facts to state a claim that is "plausible on its face...allow[ing] the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)  When considering a motion to dismiss, the Court should also disregard allegations that are contradicted by exhibits to the complaint or by documents referred to therein and considered pursuant to judicial notice.  *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).

### III. THE FAC MUST BE DISMISSED FOR FAILURE TO SATISFY FED. R. CIV. P. 8(A).

Plaintiff's claims are governed by Fed. R. Civ. P. 8 ("Rule 8") which requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff must plead sufficient facts "to provide the 'grounds' of [her] entitle[ment] to relief, [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.* A pleading must contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a). A complaint may be dismissed under Rule 8 where it fails to "raise a right to relief above a speculative level" and "must not be "so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading." *Id.* at 555.

Rule 8 is violated where "it is nearly impossible to discern a short and concise set of facts underlying the multitude of claims, including which claims are asserted against which Defendants and for what reasons." *McNeil v. Home Budget Loans* 2010 U.S. Dist. LEXIS 58111 (C.D. Cal. 2010). This tactic, known as "group pleading", fails to provide any of the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555; *Gauvin v. Tombatore* 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping all defendants together fails to satisfy Rule 8 notice provision).

Plaintiff's FAC is entirely uncertain because she fails to distinguish between BANA and BONY in most, if not all of her allegations. Rather, Plaintiff asserts all eight claims broadly against "all Defendants" with no attempt to identify the specific conduct of each individually. Plaintiff haphazardly bundles two separate entities with distinct functions into the generic category of "Defendants." Plaintiff's pleadings in this manner are entirely uncertain and Defendants are without sufficient notice to respond accordingly. As Plaintiff's allegations fail Rule 8's basic requirements, her entire FAC should be dismissed.

///

///

///

IV.   **PLAINTIFF'S INDIVIDUAL CLAIMS FAIL AS A MATTER OF LAW**

A.   *Cal. Civ. Code* § 2923.6 Does Not Apply to This Matter.

Plaintiff claims that Defendants engaged in "dual tracking" in violation of *Cal. Civ. Code* § 2923.6 by recording a Notice of Default ("NOD") on February 11, 2013 while her *second* loan modification request was under review.  (*See* FAC ¶¶ 15-17; 25-22).

There is no private right of action under § 2923.6.  *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal.App.4th 1250, 1282, n. 17 (2012).  This Court ". . . is bound to follow the appellate decision from California 'in the absence of convincing evidence that the highest court of the state would decide [the issue] differently.'"  *See, e.g., Bates ex rel. Bates v. Mortgage Elec. Reg. Sys.*, 694 F.3d 1076, 1081, n. 3 (9th Cir. 2012).  In addition, the court's in this District have consistently and repeatedly  held that there is no private right of action under *Cal. Civ. Code* § 2923.6.  *See Homsy v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 80130, *18 (N.D. Cal. 2013); *Kennedy v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 58636, *16-17 (N.D. Cal. 2012); *Pitre v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 71372, *9 (N.D. Cal. 2013) ("Section 2923.6, however, does not operate substantively to provide a private right of action. Although our court of appeals has not yet weighed in on this issue, the undersigned judge and other district courts in this circuit have found 'that the legislative history, intent, and plain language of [Section] 2923.6 makes it clear that servicers are not obligated to offer loan modifications to borrowers,' and that Section 2923.6 does not provide a private claim for relief to borrowers.").

Further, even assuming the Court, for some reason, finds these authorities unpersuasive, Plaintiff fails to identify the specific aspect of *Cal. Civ. Code* § 2923.6 that DEFENDANTS allegedly violated. (*See* FAC ¶¶ 22-27).  Generally, "statutory causes of action must be pleaded with particularity." *Covenant Care, Inc. v. Superior Court*, 32 Cal.4th 771, 790 (2004).  In part, *Cal. Civ. Code* § 2923.6 imposes several restrictions on a lender's or servicer's ability to foreclose while a loan modification application is pending.  *See Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 98996, *20 (C.D. Cal. 2013).  However, Plaintiff does "not state which provision 'dual tracking' purportedly violates." *See id.*

1      Finally, even if *Cal. Civ. Code* § 2923.6 does provide a private right of action and Plaintiff

2  properly pled a claim thereunder, it would nonetheless be inapplicable in this matter.  Under *Cal.*

3  *Civ. Code* § 2923.6(g), a mortgage servicer is not obliged to evaluate applications for first lien

4  loan modifications from borrowers who have already been evaluated or given a fair chance to be

5  evaluated for such relief before January 2013, "unless there has been a material change in the

6  borrower's financial circumstances" since the previous application "and that change is documented

7  by the borrower and submitted to the mortgage servicer."  *See Winterbower v. Wells Fargo Bank,*

8  *N.A.*, 2013 U.S. Dist. LEXIS 44087 (C.D. Cal. 2013) (further stating that "the entire purpose of

9  subsection (g), which is meant to relieve mortgage servicers from evaluating multiple loan

10  modification applications submitted for the purpose of delay.  *See Cal. Civ. Code* § 2923.6 (g).").

11  In the instant matter, Plaintiff alleges she submitted her first loan modification application in

12  December 2011.  (*See* FAC ¶ 14).  Plaintiff then alleges that this application was denied on or

13  around July 27, 2012.  (*See* FAC ¶ 15).  Plaintiff goes on to allege  that she immediately submitted

14  a second loan modification application in July 2012, after which she claims to have "submit[ted]

15  and re-submit[ted] countless documents" until at least March 2013.  (*See id.*).  However, under *See*

16  *Cal. Civ. Code* § 2923.6(g), Defendants were not obligated to review Plaintiff's second loan

17  modification application which Plaintiff submitted immediately after receiving a decline letter.

18  (*See* FAC ¶ 15).  Accordingly, Defendants were well within their rights to record the NOD in

19  February 2013 while the *second* application was under review.  Thus, Plaintiff cannot maintain a

20  *Cal. Civ. Code* § 2923.6 cause of action based on the NOD's recordation.

21      Plaintiff further claims that Defendants breached *Cal. Civ. Code* § 2923.6 by recording the

22  Notice of Trustee Sale ("NTS") on May 21, 2013, one day after declining Plaintiff's *third* loan

23  modification application which she claims included a "documented material changes in her

24  financial circumstances." (*See* FAC ¶ 26).  Plaintiff claims that the NTS's immediate recordation

25  deprived her of her "thirty-day right to appeal the denial" pursuant to the "Civil Code." (*See id.*).

26  However, such a contention is without any legal basis. As this cause of action purports to allege a

27  statutory violation, Plaintiff is required to specifically plead which section of the *Cal. Civ. Code*

28  that provides her with a statutory right to appeal an adverse loan modification decision.  *See*

*Covenant Care, Inc.*, 32 Cal.4[th] 771 at 790. However, Plaintiff fails to meet this standard by making vague references to the "Civil Code". Defendants are unaware of any provision in the *Cal. Civ. Code* that provides for a statutory right to appeal a loan modification decline. According to the notice pleading requirements of Fed. R. Civ. P. 8(a) ("Rule 8"), Plaintiff's allegations must be sufficiently pled so that Defendants may defend themselves effectively. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In stating that both BANA and BONY violated the "Civil Code" but failing to specify the exact provision, Defendants are without proper notice of Plaintiff's grievances and is unable to put forth a proper defense. *See Facebook, Inc. v. Power Ventures, Inc.*, 2009 U.S. Dist. LEXIS 103662, *6 (N.D. Cal. 2009) (holding that a District Court "must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

Finally, Plaintiff fails to explain how the NTS's May 21, 2013 recordation "eviscerated" her ability to appeal BANA's decision. (*See* FAC ¶ 26). Plaintiff claims that a purported statutory right to initiate an appeal between May 21, 2013 and June 17, 2013. (*See id.*). However, Plaintiff does not contend that she elected to pursue such an option. (*See id.*). Defendants therefore cannot be held to have "eviscerated" a purported statutory right when Plaintiff's pleadings indicate that she herself declined to initiate an appeal. Indeed, both the pleadings and the public record indicate that Plaintiff would have had sufficient time to file an appeal. Specifically, the publically recorded NTS indicates that the trustee's sale was set for June 13, 2013. (*See* Request for Judicial Notice ("RJN") Ex. A). Plaintiff filed her Original Complaint on June 24, 2013 and the FAC on August 12, 2013 in which she does not allege that any trustee's sale occurred as per the NTS. (*See* Crt. Dkt., *gen.* Compl. and FAC). In actuality, Plaintiff does not contend that any sale has taken place or will take place in the foreseeable future. (*See gen.*, FAC). If indeed a statutory right to appeal a loan modification decision exists, the pleadings indicate that Plaintiff herself waived that right. Accordingly, Defendants should not be held to have "eviscerated" a purported and unspecified statutory provision.

For the foregoing reasons, Plaintiff's *Cal. Civ. Code* § 2923.6 cause of action fails as a matter of law and should be dismissed with prejudice.

### B. Plaintiff's *Cal. Civ. Code* § 2924 Claim Fails as a Matter of Law.

The allegations pertaining to *Cal. Civ. Code* § 2924 also fail. There is no private right of action under this statute. *See Gomes v. Countrywide Home Loans*, Inc., 192 Cal.App.4th 1149, 1155 (2011) (no private right of action to determine authority to initiate the foreclosure process.). It has also been recognized by several federal courts that there is no private right of action under this statute. *See Aspray v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 46029, *11 (C.D. Cal. 2011) (stating that there is no private right of action under section 2924); *see also DeCordova v. Winterland Concessions Co.*, 1992 U.S. Dist. LEXIS 13541, *5 (N.D. Cal.1992) (same). "In California, 'courts are not at liberty to impute a particular intention to the Legislature when nothing in the language of the statute implies such an intention.'" *Wiebe v. NDEX West, LLC*, 2010 U.S. Dist. LEXIS 49555, *5 (C.D. Cal. 2010). As there is no explicit private right of action written into *Cal. Civ. Code* § 2924, courts have held that no such right exists. Thus, "if the Legislature intends to create a private cause of action, we generally assume it will do so directly, in clear, understandable, unmistakable terms." *Vikco Ins. Servs., Inc. v. Ohio Indemnity Co.,* 70 Cal.App.4th 55, 62-63 (1999).

Furthermore, *Cal. Civ. Code* § 2924, *et seq.*, establishes a "comprehensive statutory framework" governing non-judicial foreclosure sales and is intended to be "exhaustive." *See Moeller v. Lien*, 25 Cal.App.4th 822, 834 (1994). Courts are not free to impose any duties not expressly found in the statute and there is no duty found in *Cal. Civ. Code* § 2924 which provides a basis for Plaintiff's wrongful foreclosure claim. *See Gomes,* 192 Cal.App.4th at 1154 ("California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through 2924k, which "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.") As the legislative intent is for this scheme to be exhaustive, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute. *See Homestead Sav. v. Darmiento,* 230 Cal.App.3d 424, 432-33 (1991); *Moeller v. Lien*, 25 Cal.App.4th 822, 834 (1994)834; *Gomes*, 192 Cal.App.4th at 1154.

Here, Plaintiff fails to plead any facts demonstrating any violation of *Cal. Civ. Code* §

2924 et. *seq.* and further fails to identify which statutory sections that Defendants purportedly violated. (*See* FAC ¶¶ 29-33). Moreover, Plaintiff's assertions seek to improperly impose duties not found in the statute which California courts have consistently rejected. *See Gomes,* 192 Cal.App.4[th] at 1154. Consequently, Plaintiff's claim for violations of *Cal. Civ. Code* § 2924 fail as a matter of law and should be dismissed with prejudice.

## C. The Equal Credit Opportunity Act [11 U.S.C. § 1691] Does Not Apply in This Matter.

Plaintiff's FAC includes a defectively plead cause of action brought under the Equal Credit Opportunity Act ("ECOA"). (*See* FAC ¶¶ 35-39). The ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex, marital status, or age." 15 U.S.C. § 1691(a)(1) (emph. added).

In the instant matter, Plaintiff has focused on one specific clause within that statute for in an attempt to state a claim. (*See* FAC ¶¶ 35-39). Specifically, Plaintiff cites to 15 U.S.C. §1691(d)(1), which states "within thirty days after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application," for the proposition that *all* creditors are required to render a credit decision on *each and every* application a lender receives from *each and every* applicant. (*See id.*). Plaintiff's reading of the statute entirely misconstrues the applicability of the ECOA. The statute in its entirety states that the 30-day notice requirement relates to credit applications submitted to

> "(1) any credit assistance program expressly authorized by law for an economically disadvantaged class of persons; (2) any credit assistance program administered by a nonprofit organization for its members or an economically disadvantaged class of persons; or (3) any special purpose credit program offered by a profit-making organization to meet special social needs which meets standards prescribed in regulations by the Bureau...." *See* 15 U.S.C. § 1691(c).

> "To establish a prima facie case [of discrimination] under ECOA, plaintiffs must demonstrate that: (1) they were a member of a protected class; (2) they applied for credit from Defendants; (3) plaintiffs were qualified for the credit; and, (4) despite qualification, plaintiffs were denied credit." *Hafiz v. Greenpoint Mortgage Funding, Inc.,* 652 F.Supp.2d 1039, 1045

(N.D. Cal. 2009); *Glover v. Fremont Inv. & Loan*, 2009 U.S. Dist. LEXIS 117890, *33 (N.D. Cal. 2009). Plaintiff fails to satisfy *any* of the elements of this test.

First and foremost, Plaintiff has not alleged that her request for a loan modification was an application for "credit" pursuant to a credit assistance program as specified by 15 U.S.C. § 1691. The ECOA defines "credit" to mean "[t]he right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691, *et seq.*; 12 C.F.R § 202.2(j). Thus, "credit" has a very specific and limited meaning with the context of the ECOA. However, Plaintiff's pleadings incorrectly assume that a loan modification can qualify as a "credit application," for the purposes of an ECOA claim. *See Franczak v. Suntrust Mortg. Inc.*, 2013 U.S. Dist. LEXIS 31138 (N.D. Cal. 2013). This District has previously held that the refusal to modify of an existing credit agreement does not come within the statutory protections of the ECOA where the borrower is in default. *Owens v. Bank of America, N.A.*, 2012 U.S. Dist. LEXIS 154435, at *12, (N.D. Cal. 2012). Specifically, "[d]enial of credit for purposes of the ECOA does not include 'refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.'" *Id*; 15 U.S.C. §1691(d)(6); 12 C.F.R. § 202.2(e)(2)(ii). (emph. added); *see also Burton v. Nationstar Mortg. LLC*, 2013 U.S. Dist. LEXIS 75467, *42 (E.D. Cal. 2013). In the instant matter, Plaintiff admits that she stopped making her monthly mortgage payments in September 2011, was sixty days delinquent on her loan by November 2011 and filed for bankruptcy in March 2012. (*See e.g.*, FAC ¶¶ 12-14). As a result of her admitted delinquency, the ECOA does not apply in this matter. *See Owens*, 2012 U.S. Dist. LEXIS 154435 at *13-14. Furthermore, Plaintiff fails to allege any facts to establish that he was actually "qualified" for a loan modification as is required to sustain an ECOA claim. *See Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1045. Instead, Plaintiff merely asserts in a conclusory manner that she was "qualified for the extension of credit." Such conclusory contentions much be disregarded on a motion to dismiss. *See Bell Atlantic Corp.*, 550 U.S. at 558. Rather, Plaintiff's FAC indicates that she was not at all "qualified for credit." (*See* FAC ¶¶ 14-15). Specifically, Plaintiff claims that

DEFENDANTS rejected her loan modification application in July 2012 and that she *immediately* reapplied without documenting a change in financial circumstances. (*See id.*). Furthermore, Plaintiff fully admits that she did not submit a completed application with supporting documents by stating "[b]etween July 2012 and March 2013, Plaintiff continued to submit and re-submit countless documents to Defendants in pursuit of a loan modification.". (*See* FAC ¶ 16). Plaintiff's very own pleadings therefore indicate that Defendants could not possibly have rendered a "credit" decision on an incomplete application within thirty days. (*See id.*).

Insofar as Plaintiff asserts that Defendants failed to notify her of its adverse decision on her loan modification application and to provide her with specific reasons for denial within 30 days of receipt, Plaintiff still cannot maintain an ECOA claim. As stated *supra*, the ECOA does not apply to the "refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default....". .

Finally, even assuming ECOA applied, Plaintiff has not established that she is a member of an ECOA-protected class or that she was indeed denied "credit" on the basis of her ECOA protected-class status. Rather, Plaintiff merely contends that she was denied a loan modification "*presumably* because of her national origin." (*See* FAC ¶ 37). Again, this conclusory and formulaic allegation, without more, is insufficient to establish protected class status and should be disregarded. *See Bell,* 550 U.S. at 544. As discussed *supra*, Plaintiff's pleadings indicate that her loan modification application was denied because she did not qualify for any modification assistance.

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's ECOA claim in its entirety.

**D.    Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing Claim Fails**

Plaintiff contends that Defendants breached a duty of good faith and fair dealing associated with her mortgage agreement by telling her "that she needed to cease making payments for at least sixty days in order to receive a loan modification...[and]...that she would not suffer the loss of her property for missed payments or any negative credit consequences." (*See* FAC ¶ 46). However, Plaintiff fails to state a claim because the conduct alleged does not arise from an existing contract

1 under the DOT or Note.

2      "The covenant of good faith and fair dealing, implied by law in every contract, exists

3 merely to prevent one contracting party from unfairly frustrating the other party's right to receive

4 the benefits of the agreement actually made." *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 349 (2000);

5 *see also Ren v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 80575 (N.D. Cal. 2013); *Pacini v.*

6 *Nationstar Mortgage*, LLC, 2013 U.S. Dist. LEXIS 84215, 17-19 (N.D. Cal. 2013). [T]he factual

7 elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the

8 parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any

9 conditions precedent to the Defendants' performance occurred; (4) Defendants unfairly interfered

10 with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by

11 Defendants' conduct. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968

12 (N.D. Cal. 2010); *Franczak*, 2013 U.S. Dist. LEXIS 31138 at *13; *Plastino v. Wells Fargo Bank*,

13 873 F. Supp. 2d 1179, 1191-92 (N.D. Cal. 2012).

14      With regard to the first element concerning the existence of a contract, "[t]he implied

15 covenant of good faith and fair dealing rests upon the existence of some specific contractual

16 obligation. . . . [T]he implied covenant is limited to ensuring compliance with the express terms of

17 the contract, and cannot be extended to create obligations not contemplated in the contract."

18 *Racine & Laramie, Ltd. v. California Dep't of Parks & Recreation*, 11 Cal.App.4th 1026, 1031-32,

19 14 Cal. Rptr. 2d 335 (1992); *see also Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2

20 Cal.4th 342, 373 (1992) ("it is universally recognized [that] the scope of a conduct prohibited by

21 the covenant of good faith is circumscribed by the purposes and express terms of the contract.").

22      Here, Plaintiff's allegations do not state a claim for violation of the implied covenant of

23 good faith and fair dealing. Other than referencing the general obligation to make monthly

24 payments, Plaintiff has not identified the actual contract under which this cause of action arises.

25 Furthermore, Plaintiff has not pointed out the specific contractual provision within this

26 unidentified contract that Defendants purportedly impeded.

27      In addition, nothing alleged could be classified as the type of "unfair interference" which,

28 if proven, could support this claim. (*See gen.*, FAC). For an implied covenant claim to proceed,

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

the allegations "must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).

As pled, Plaintiff was a party to the DOT and Note which required her to make monthly payments. (*See gen.*, FAC). Plaintiff contends to having approached Defendants to "inquire about a loan modification" and was told that she needed to miss payments in order to qualify. (*See* FAC ¶¶ 45-46); *See Ren*, 2013 U.S. Dist. LEXIS 80575 at *7 ("It told Plaintiff that she could enter the loan modification process by going late on her payments, but that was a choice only Plaintiff could make."). Nothing about these allegations suggests that Defendants "consciously" and "deliberately" sought to induce Plaintiff's default when it provided information that Plaintiff herself asked actively requested. (*See* FAC ¶¶ 10-11); *see also Franczak*, 2013 U.S. Dist. LEXIS 31138 at *8-9. Indeed, it was Plaintiff's choice to pursue a loan modification in the end and it was Plaintiff's decision alone to go into default even though she was "ready, willing, and able" to make monthly payments. (*See* FAC ¶¶ 45-46); see also Pacini, 2013 U.S. Dist. LEXIS 84215, at *18. Plaintiff's allegations do not indicate that Defendants forced her into the process, frustrated her ability to perform under the loan agreements or actively interfered with her ability to remit her monthly payments. *See Franczak*, 2013 U.S. Dist. LEXIS 31138 at *3 ("Being left with an impression that a particular action is encouraged is something very different than actually being required to do something.") (quotations omitted). Accordingly, Plaintiff cannot satisfy the "unfair interference element" of a breach of implied duties claim.

For the foregoing reasons, Defendants respectfully request that this Court dismiss this cause of action with prejudice.

///

///

E. **Plaintiff Fails to State a Promissory Estoppel Claim Because There Was No Clear Unambiguous Promise, Defendants' Alleged Assurances Were Not Reduced to Writing, and Plaintiff Was Obligated to Remain Current on Her Loan.**

Plaintiff bases her promissory estoppel claim on the theory that she "relied on Defendants' promises and missed payments" (*See* FAC ¶ 52). However, Plaintiff's claim fails because Plaintiff does not allege a clear, unambiguous promise, as required by California law. Furthermore, such assurances were not reduced to writing, as required under the DOT and the statute of frauds. Finally, regardless of Defendants' alleged assurances, Plaintiff was obligated to remain current on her loan.

In California, promissory estoppel claims are "basically the same as contract actions, but only missing the consideration element." *U.S. Ecology, Inc. v. California*, 129 Cal. App. 4th 887, 899 (2005). The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Advanced Choices, Inc. v. State Dept. of Health Services* 182 Cal.App.4th 1661, 1672 (2010); *see also Toscano v. Greene Music* 124 Cal. App. 4th 685, 692 (2004). The party claiming estoppel must specifically plead all facts relied on to establish its elements. *See Smith v. City & County of San Francisco* 225 Cal. App. 3d 38, 48 (1990).

1. **The DOT Cannot be Modified by an Alleged Oral Promise Because Such a Claim is Barred by the Statute of Frauds.**

Plaintiff's promissory estoppel claim relies on the alleged representation that:

"Defendants' representative [told her] to stop making her loan payments for at least sixty days in order to receive a loan modification…[and]…represented that skipping payments in pursuit of a loan modification would not negatively impact her credit or cause her to lose her property through foreclosure." (*See* FAC ¶ 51).

Of significance, however, Plaintiff alleges earlier in the Complaint that "Covenant 1 of the Deed of Trust securing the loan agreement, Plaintiff promised to 'pay when due the principal of and interest on the debt evidenced by the Note and any prepayment charges and late charges under the Note." (*See* FAC ¶ 44).

1       Pursuant to California law "an agreement for the sale of real property <u>or an interest in real</u>

2 <u>property</u> comes within the statute of frauds." *Secrest v. Security National Mortgage Loan Trust*

3 *2002-2* 167 Cal.App.4th, 544, 552 (2008) (stress added); *Cal. Civ. Code* § 1624(a)(3) (2008) (a

4 contract involving real property is invalid unless it is in writing and signed by the party to be

5 charged). Furthermore, a contract in writing, such as the DOT, "may not be altered by an

6 executory oral agreement." *Phipps v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 10550,

7 *30-31 (E.D. Cal. 2011) (*citing Karlsen ,* 15 Cal.App.3d 112, 121 (1971) (*citing Cal. Civ. Code* §

8 1698)). Rather, "<u>[a]n agreement to modify a contract that is subject to the statute of frauds, such</u>

9 <u>as a promissory note or deed of trust, is also subject to the statute of frauds."</u> *Secrest*, 167

10 Cal.App.4th at 553 (stress added). Moreover, <u>an agreement to postpone a valid sale of property</u>

11 <u>beyond the sale date where the property could be sold is the same as an agreement to alter the</u>

12 <u>terms of the deed of trust because "[t]o hold otherwise would reduce a trust deed in any case to an</u>

13 <u>unsubstantial if not worthless security."</u> *Phipps,* 2011 U.S. Dist. LEXIS 10550 at *30-31; *Karlsen*

14 *v. Am. Sav. & Loan Assn.* 15 Cal. App. 3d 112, 121 (1971); *Stafford v. Clinard*, 87 Cal.App.2d

15 480, 481 (1948). Finally, a "foreclosure sale may not be set aside based on the lender's alleged

16 breach of an oral agreement to postpone the trustee's sale." *Nguyen v. Calhoun,* 105 Cal.App.4th

17 428, 445 (2003); *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1195-1196 (S.D. Cal.

18 2010) (applying statute of frauds to preclude promissory estoppel claim on oral promise to

19 postpone foreclosure sale).

20       By Plaintiff's own pleadings, the alleged promise forming the basis of her promissory

21 estoppel claim relies *entirely* on an alleged representation that Defendants would not enforce their

22 rights pursuant to the DOT if Plaintiff defaulted on her loan. (*See* FAC ¶ 44). It therefore follows

23 that the alleged promise attempts to modify the terms of the written DOT. Accordingly, the

24 alleged promise to forego foreclosure proceedings and not count Plaintiff's payment as late when

25 Defendants were undisputedly entitled to do so under the executory DOT's express provisions is

26 in no uncertain terms an agreement to modify Defendants' rights pursuant to a DOT which <u>must</u>

27 <u>be in writing to satisfy the statute of frauds.</u> *Secrest,* 167 Cal.App.4th at 553; *Karlsen,* 15

28 Cal.App.3d at 121.

Plaintiff does not dispute that Defendants' purported oral assurances were an attempt to modify the executory DOT but does not allege that such a promise was ever reduced writing. (*See gen.*, FAC). Indeed, as set forth in *Phipps*, Plaintiff cannot alter the parties' rights and obligations as set forth in the original DOT by merely discussing her eligibility for a loan modification. *See* 2011 U.S. Dist. LEXIS 10550 at *30-31. Such a gratuitous oral promise would be barred by the statute of frauds and insufficient to modify Defendants' right to foreclose under the written terms of the DOT. *See Stafford*, 87 Cal.App.2d at 481; *Cal. Civ. Code* § 1698. Accordingly, any alleged oral promise to suspend foreclosure proceedings and not count Plaintiff's payments as late fail the statute of frauds and are therefore unenforceable.

Defendants anticipate Plaintiff may assert that his promissory estoppel claim does not fall under the statute of frauds. However, before a party can be estopped to assert the statute of frauds, it must appear that a sufficient change of position has occurred so that the application of the statutory bar would result in an unjust and unconscionable loss, amounting in effect to a fraud. *See Secrest*, 167 Cal.App.4th at 555-556. (holding an unsigned foreclosure sale forbearance agreement violated the statute of frauds since it attempted to modify a promissory note and deed of trust, which are subject to the statute of frauds). The payment of money is not even sufficient partial performance to take an oral agreement out of the statute of frauds, for the party paying money under an invalid contract has an adequate remedy at law. *See id.* at 44 (rejecting the theory that a promissory estoppel claim may be asserted based upon an alleged breach of promise to postpone foreclosure). Plaintiff has not alleged any change in position as a result of the alleged promise to postpone the sale. Plaintiff simply states that she was current on his mortgage until she contacted Defendants for a loan modification and seemingly suggests that but for Defendants' alleged representations she would have continued to maintain her account as current. (*See e.g.* FAC ¶ 46). Such statements do not demonstrate any sort of change of position. Accordingly, Plaintiff's promissory estoppel claim is barred by the statute of frauds.

## 2. Plaintiff Does Not Allege Justifiable Reliance.

Plaintiff asserts that she reasonably "relied upon Defendants' promises to her detriment as her credit has been negatively affected and her home is now in danger of being foreclosed upon."

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

(*See* FAC ¶ 54). However, Plaintiff fails to establish any justifiable reliance resulting from Defendants' alleged promise, not least of which is because her reliance was unreasonable. Courts have found the allegation that a borrower was induced to fall behind on payments to be implausible as a matter of law. *See, e.g., Ortiz v. Am.'s Servicing Co.*, 2012 U.S. Dist. LEXIS 82092, *13(C.D. Cal. 2012) (finding plaintiff's "claim of 'reasonable reliance' is undermined by plaintiff's inability to satisfy her mortgage obligations"); *Newgent v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476, at *18 (S.D. Cal. 2010) (concluding that plaintiff's "reliance on the promise that Wells Fargo would delay the trustee's sale was not detrimental" because the plaintiff "was already legally obligated to make payments on her mortgage"); *Crews v. Wachovia Mortg. Corp.*, 2010 U.S. Dist. LEXIS 77660, at *10-11 (C.D. Cal. 2010) (concluding that the plaintiff failed to show reasonable reliance because she failed to show that "but for the alleged fraudulent promise to modify the loan, plaintiff would and could have satisfied her mortgage obligations"): *Conrad v. Bank of Am.*, 45 Cal.App.4th 133, 159 (1996); *Pacini*, 2012 U.S. Dist. LEXIS 183151, at *9-10.

Where a lender has made a gratuitous promise to postpone foreclosure on a property, the borrower may only establish injury as a result of reliance under very narrow circumstances. *See, e.g., Garcia v. World Savings FSB,* 183 Cal.App.4th 1031, 107 (2010) (gratuitous oral promise to postpone a foreclosure sale gave rise to an enforceable promise under the doctrine of promissory estoppel where the borrowers had applied for an expensive loan from a third party in order to cure the default and had been told their house would not be sold before that loan closed because "[a]ppellants' actions in procuring a high cost, high interest loan by using other property they owned as security is sufficient to support detrimental reliance although it provided no particular benefit to respondent.") Here, Plaintiff's conclusory assertions of fact insufficiently allege any reliance that would fit within the narrow exception set forth in *Garcia* because Plaintiff was always obligated to make payments according to the terms of the loan agreement. *See Aceves v. U.S. Bank N.A.* 192 Cal. App.4th 218, 231 (2011) (citing *Garcia*, 183 Cal.App.4th at 1047) (when lender has allegedly made an oral promise to postpone, and the homeowner has not paid the funds needed to reinstate the loan before the foreclosure, promissory estoppel does not provide a basis

for voiding the deed of sale or otherwise invalidating the foreclosure). Insofar as Plaintiff alleges that Defendants induced her default in order to be considered for a loan modification, Plaintiff could not have justifiably rely on such alleged assurances to postpone the foreclosure sale because there was no guarantee of success. *See Benaga v. Taylor Bean Mortg. Co.* 2011 U.S. Dist. LEXIS 122804, *13 (N.D. Cal. 2011) ("Given that no review process guarantees a positive outcome, relying on the promise of such review arguably requires equal preparation for success and failure").

Because there was no guarantee of success on her loan modification application, Plaintiff fails to allege any justifiable reliance resulting from Defendants' alleged promise to postpone foreclosure. Accordingly, Defendants' motion should be sustained without leave to amend.

F. **Plaintiff's Fraud-Based Claims Fail.**

1. **Plaintiff's Fraud-Based Claims Fail Under Rule 9(b).**

Plaintiff brings claims for both fraud and negligent misrepresentation. (*See* FAC ¶¶ 58-71). A properly pled fraud claim requires allegations of (1) a representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damage (causation). *See Warren v. Merrill* 143 Cal.App.4th 96, 110 (2006); *Oakland Raiders v. Oakland-Alameda Co. Coliseum* 144 Cal.App.4th 1175, 1184 (2006). Similarly, the negligent misrepresentation claim is a species of fraud requiring Plaintiff to further allege that Defendants lacked any reasonable ground for believing the statement to be true. *See Conroy v. Regents of Univ. of Cal.*, 45 Cal.4th 1244, 1254 (2009); *Cal. Civ. Code* § 1710(2). Circumstances constituting fraud-based claims must be stated "with particularity." *See* Fed. R. Civ. P. 9(b) ("Rule 9(b)"); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000); *Wayne Merritt Motor Co. v. N.H. Ins. Co.*, 2012 U.S. Dist. LEXIS 105117 (N.D. Cal. 2012) ("Courts in the Ninth Circuit have held that claims for both fraud and negligent misrepresentation are subject to Rule 9(b)")."[I]n a fraud action against a corporation [Plaintiff is required] to allege the names of the persons who made the allegedly fraudulent representations, *their authority to speak*, to whom they spoke, what they said or wrote and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991) (emph. added). Allegations of fraud must be specific enough to give

Defendants notice of the particular misconduct so that they can defend against the charges and not simply deny that they have done anything wrong. *See Lazar v. Super. Ct.,* 12 Cal.4[th] 631, 645 (1996).

Here, Plaintiff fails to allege any of the "who, what, when, where, and how" of any alleged misrepresentation. Rather, the Complaint merely alleges that on or around August 2011, an <u>unknown</u> representative assured Plaintiff that she need not make payments while her loan modification application was under review. (*See* FAC ¶¶ 61, 67). Plaintiff also alleges that following this, Defendants repeatedly reassured her that no negative consequences would accrue from her failure to pay her mortgage payments. (*See id.*). These allegations are insufficient to meet Plaintiff's burden of pleading fraud-based claims with specificity. *See Harris v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 61847, 32-33 (N.D. Cal. 2013); *see also Perlas v. GMAC Mortgage LLC,* 187 Cal.App.4[th] 429, 434 (2010). Accordingly, Plaintiff fails to comply with Rule 9(b)'s pleading requirements, rendering these causes of action subject to dismissal.

### 2. Plaintiff's Fraud-Based Claims Remain Improperly Pled.

Plaintiff's fraud-based claims continue to lack an essential element of a misrepresentation of a *past or existing* material fact. *See National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.,* 171 Cal.App.4[th] 35, 50 (2009*); Lopez v. Nissan North America, Inc.,* 201 Cal.App.4[th] 572, 596 (2011); *Tarmann,* 2 Cal.App.4[th] at 158. Rather, Plaintiff bases her fraud-based claims on allegations of Defendants' purported promise that if she withheld payments on her loan, she would be given a loan modification and not be held delinquent. (*See* FAC ¶¶ 61, 66). This statement by its terms concerns the future; it does not refer to an existing fact. *See Pacini,* 2012 U.S. Dist. LEXIS 183151, at *14. ("As currently pleaded, plaintiff asserts that Joaquin assured her that "if she began to stop paying" Defendants 'would not report Plaintiff's non-payment.' This statement by its terms concerns the future. It does not refer to an existing fact. Because actionable misrepresentation must be with respect to a past or existing fact, plaintiff has not met the pleading requirements for this claim."). Predictions as to future events, or statements as to future action are deemed <u>opinions</u>, and not an actionable fraud. *See Tarmann,* 2 Cal.App.4[th] at 158. Furthermore, Plaintiff's failure to allege the party making the alleged representation <u>as</u>

well as their authority to speak is fatal to her fraud-based claims. *See Tarmann*, 2 Cal.App.4[th] at 157.

Additionally, Plaintiff's allegation that "Defendants made these representations knowingly, without intent to perform" is conclusory and does not meet the requirements of intent. (*See* FAC ¶ 61). Contrary to Plaintiff's assertions, merely demonstrating that Defendants intends to sell the Subject Property at a foreclosure sale pursuant to its contractual and lawful rights is in no way indicative of any purported intent to deceive. As held in *Sierra-Bay Fed. Land Bank Assn.*:

> "It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid . . . And in this state a commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights." *See* 227 Cal.App.3d at 334.

### 3. Plaintiff Fails to Allege Reasonable Reliance or Resulting Damages.

Plaintiff's fraud-based claims also warrant dismissal for failure to allege facts that demonstrate reasonable reliance. The mere assertion of reliance is insufficient; the plaintiff must allege the specifics of his reliance on the misrepresentation. *Cadlo v. Owens-Illinois, Inc.*, 125 Cal.App.4[th] 513, 519 (2004); *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 184 (2003) (stating plaintiff must allege actions, as distinguished from unspoken and unrecorded thoughts and decisions that would indicate that the plaintiff actually relied on the misrepresentations). Plaintiff's pleading fail to allege any facts demonstrating the reasonableness of her reliance on Defendants' alleged oral representations that Plaintiffs should stop paying her loan, would suffer no negative consequences for ceasing to pay her, and that her loan modification would be approved. *See Carson v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 12800, *23 (E.D. Cal. 2013). Thus, even if Plaintiff were to meet the heightened pleading requirements of Rule 9(b), she nonetheless fails to plead facts sufficient to establish a cause of action for fraud. Instead, Plaintiff alleges that she detrimentally relied on Defendants' representations by withholding payments. (*See* FAC ¶ 61). Plaintiff cannot allege that any reliance related to withholding mortgage payments was detrimental because she was pre-contractually obliged to make monthly payments under the DOT. *See Secrest*, 167 Cal.App.4[th] at 555; RJN, Exh. A. Accordingly, Plaintiff fails to allege any facts whatsoever to support any justifiable reliance on any alleged misrepresentations.

Plaintiff further fails to explain how Defendants caused her any harm. Plaintiff lists a litany of maladies but does not allege any damages from any action by Defendants. (*See* FAC ¶¶ 61, 66, 91). Where no damages have been suffered, or the alleged damage are too remote, speculative, or uncertain, a plaintiff does not state a claim for fraud *See Kurinij v. Hanna & Morton,* 55 Cal.App.4[th] 853, 866 (1997); *Small v. Fritz Companies, Inc.,* 30 Cal.4[th] 167, 202 (2003). Indeed, Plaintiff does not contend that the Subject Property's foreclosure sale has already taken place. (*See gen.,* FAC). If Plaintiff has incurred any economic loss or damage to her credit, it is due to her *voluntary* decision to stop paying her monthly mortgage obligations. (*See* FAC ¶11). In exercising its lawful and contractual rights, Defendants should not be held to have wrongfully damaged Plaintiff's economic interests. *Sierra Bay,* 227 Cal.App.3d at 334-335. Accordingly Plaintiff's fraud-based claims fail as a matter of law.

**G.  The Negligent Misrepresentation Claim Fails for Want of a Duty.**

As a fraud-based claim, Plaintiff's Negligent Misrepresentation cause of action is not specifically pled and fails Rule 9(b)'s particularity requirements. (*See* FAC ¶¶ 65-67). Specifically, Plaintiff does not name the individual who allegedly made the purported misrepresentation. (*See id.*). Without greater specificity, Plaintiff's claim is defectively pled.

Furthermore, lenders do not owe a duty of care to borrowers in the usual arm's length loan transaction when the lender's involvement remains confined to the role of a lender of money. *See Nymark v. Heart Fed. Savings & Loan Assn.* 231 Cal.App.3d 1089, 1096 (1991). "[A] commercial lender is not to be regarded as the guarantor of a borrower's success and is not liable for the hardships which may befall a borrower. It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclosure on collateral when a debt is not paid." *Das v. Bank of America, N.A.,* 186 Cal.App.4[th] 727, 740 (2010); *Perlas,* 187 Cal.App.4[th] at 437. "[A]bsent special circumstances ... a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Id.* at 437. "A lender owes no duty of care to the [borrowers] in approving their loan....[and] is under no duty 'to determine the borrower's ability to repay [it] .... The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Id; see also Harris,* 2013 U.S. Dist. LEXIS 61847,

*33.

Plaintiff's assertion that Defendants failed to stay foreclosure proceedings pending review of her second and third loan modification applications is belied by the fact that lenders have no such duty to do so. *See Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal.App.3d 318, 334-335 (1991) ("It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid . . . in this state a commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights.").

As Defendants do not owe Plaintiff any duty of care, her Negligent Misrepresentation claim fails and should be dismissed with prejudice.

## H. Plaintiff's UCL Claim Continues to Fail.

### 1. Plaintiff Lacks Standing to Pursue a UCL Claim.

Plaintiff has premised her UCL claim on the same deficient arguments brought forth in the Complaint. (*See* FAC ¶¶ 73-81). However, Plaintiff lacks standing to bring claim under the UCL because she has not alleged any facts indicating that she suffered any injury as a result of unfair competition. To establish standing, a private plaintiff must allege that he "has *suffered injury in fact* and has lost money or property" as a result of the alleged unfair practices. *See Bus. & Prof. Code* §17204 (*emphasis added*). In the instant matter, Plaintiff does not and cannot allege that she has lost any money or property because she does not claim that the Subject Property has been sold. Therefore, Plaintiff lacks standing to bring a UCL claim.

### 2. Plaintiff's UCL Claim is Ill-Pled.

The UCL establishes three separate varieties of unfair competition: acts or practices which are (1) unlawful, or (2) unfair or (3) fraudulent. *See Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). In proscribing unlawful business practices, the UCL "borrows" violations of other laws and treats them as unlawful practices. *See Durell v. Sharp Healthcare,* 183 Cal.App.4th 1350, 1361 (2010). Thus, "unlawful" practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made." *See Saunders v. Sup. Ct.*, 27 Cal.App.4th 832, 838-39 (1994). To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts

1   sufficient to show a violation of some underlying law. *See People v. McKale*, 25 Cal. 3d 626, 635

2   (1979); *Lazar v. Hertz Corp.*, 69 Cal.App.4th 1494, 1505 (1999) ("In effect, the UCL borrows

3   violations of other laws...and makes those unlawful practices actionable under the UCL.");

4   *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.App.4th 1544, 1554 (2007). Thus, a UCL claim

5   stands or falls depending on the fate of antecedent substantive causes of action. *See Krantz v. BT*

6   *Visual Images*, 89 Cal.App.4th 164, 178 (2001).

7        A business act or practice is "unfair" when the conduct "offends an established public

8   policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially

9   injurious to consumers. *See S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal.App.4th

10  861, 886-87 (1999). To sufficiently plead an action based on an "unfair" business act or practice, a

11  plaintiff must allege facts showing the "unfair" nature of the conduct and that the harm caused by

12  the conduct outweighs any benefits that the conduct may have. *See Motors, Inc. v. Times Mirror*

13  *Co.*, 102 Cal.App.3d 735, 740 (1980). When "determining whether the challenged conduct is

14  unfair within the meaning of unfair competition law...courts may not apply purely subjective

15  notions of fairness." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 941 (2003). Rather,

16  such a claim requires a plaintiff to tether its allegation to a constitutional or statutory provision or

17  regulation carrying out such a statutory policy. *See Ferrington v. McAfee, Inc.*, 2010 U.S. Dist.

18  LEXIS 106600, *11-13 (N.D. Cal. 2010) (*citing Lozano v. AT&T Wireless Servs.*, 504 F.3d 718

19  (9th Cir. 2007) (discussing the use of the tethering test in California courts and the Ninth Circuit).

20  A plaintiff alleging unfair business practices under the UCL "must state with reasonable

21  particularity the facts supporting the statutory elements of the violation." *See Khoury v. Maly's of*

22  *Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

23       A claim for fraudulent business acts under the UCL is distinct from a common law fraud

24  claim. Under the UCL, a plaintiff need not show reliance in order to state a claim for fraudulent

25  business acts. *See Klein v. Earth Elements*, 59 Cal.App.4th 965, 970 (1997). A plaintiff need only

26  allege that the public is likely to be deceived by the alleged business acts. *See id.* However, all

27  claims alleging fraudulent business practices under the UCL are subject to the heightened pleading

28  standard of Rule 9(b). *See Carson*, 2013 U.S. Dist. LEXIS 12800, *25.

In the instant matter, Plaintiff alleges that Defendants engaged in business practices that were unfair, unlawful and/or fraudulent. (*See* FAC ¶ 73). Specifically, Plaintiff argues that Defendants' breach of the covenant of good faith and fair dealing, violations of *Cal. Civ. Code* §§ 2923 and 2924, inducement of reliance under the doctrine of promissory estoppel and fraudulent and negligent conduct constitute unfair competition under the UCL. (*See* FAC ¶¶ 75-81). However, Plaintiff's pleadings are insufficient to establish a cause of action for any of the three varieties of unfair competition. First, Plaintiff fails to plead facts sufficient to establish that Defendants has violated any law and thus engaged in unlawful business acts. Although Plaintiff alleges that Defendants violated *Cal. Civ. Code* §§ 2923 and 2924 and the covenant of good faith and fair dealing, induced reliance under the doctrine of promissory estoppel, and engaged in fraudulent and negligent conduct, each of these claims fail to survive Defendants' motion to dismiss. *See supra.* Accordingly, Plaintiff's claim for unlawful business practices must also fail.

Second, Plaintiff has failed to plead facts sufficient to establish a right to relief based on "unfair" business practices. In the instant matter, Plaintiff does not plead any unlawful or unfair conduct. Although Plaintiff claims that Defendants violated several laws or statutory provisions that could carry out a public policy, Plaintiff's claims as to those violations fail. *See supra.* Plaintiff's claim for unfair business practices therefore must also fail. Finally, Plaintiff has not met the heightened pleading requirements of Rule 9(b), and thus fails to state a claim for fraudulent business practice. Accordingly, Plaintiff's UCL claim fails and should be dismissed with prejudice.

**V.  SHOULD THIS COURT DISMISS PLAINTIFF'S ONE AND ONLY FEDERAL CLAIM WITH PREJUDICE BUT GRANT LEAVE TO AMEND ANY OF THE STATE LAW CLAIMS, DEFENDANTS REQUEST THAT THIS COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS AND DISMISS THIS MATTER FOR RENEWAL IN STATE COURT.**

Plaintiff's ECOA claim provides the sole basis for federal subject matter jurisdiction. While federal courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a),

a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." *Id.* at § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience [,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs,* 383 U.S. 715,726 (1966). Therefore, should this Court dismiss Plaintiff's ECOA claim with prejudice but grant leave to amend any of her state law claims, Defendants respectfully request that this Court decline to exercise supplemental jurisdiction over any state law claims for renewal in state court.

## VI.   CONCLUSION.

As discussed throughout this motion, Plaintiff's claims are factually and legally deficient to state any cause of action. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Any amendment would be "futile" because Plaintiff cannot allege any facts that would constitute a valid claim. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Plaintiff's claims are grounded in a fundamentally flawed theory that Defendants induced her to default on her loan obligations. As demonstrated throughout this motion, no set of facts could rehabilitate Plaintiff's faulty legal theories. An amended complaint would result in nothing more than a sham pleading. Plaintiff "cannot avoid a [motion to dismiss] by filing an amended complaint that contradicts its earlier complaint." *Hendy v. Losse* 54 Cal. 3d 723, 742 (1991). Accordingly, Defendants respectfully request that their Motion to Dismiss be granted with prejudice. Alternatively, Defendants respectfully request that should this Court dismiss Plaintiff's ECOA claim with prejudice but grant leave to amend her state law claims, that the Court decline to exercise supplemental jurisdiction and dismiss this suit for renewal in state court.

**Respectfully submitted,**
**MCGUIREWOODS LLP**

*/s/ Joseph V. Quattrocchi*
Joseph V. Quattrocchi, Esq.
Attorneys for Defendants
BANK OF AMERICA, N.A. and
THE BANK OF NEW YORK MELLON

CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2013, I electronically filed the foregoing document entitled **DEFENDANTS'S NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the court's electronic filing system.

By: /s/ Joseph V. Quattrocchi