Matthew Mellen (SBN: 233350)
Sarah Adelaars (SBN: 281748)
MELLEN LAW FIRM
411 Borel Ave, Suite 230
San Mateo, California 94402
Telephone:    (650) 638-0120
Facsimile:     (650) 638-0125
mellenlaw@yahoo.com

Attorneys for Plaintiff
TINA M. VASQUEZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M. VASQUEZ, an individual,<br><br>        Plaintiff,<br>    v.<br><br>BANK OF AMERICA, N.A., a national association; THE BANK OF NEW YORK MELLON; and Does 1-50, inclusive,<br><br>        Defendants. | CASE NO.: 3:13-CV-02902-JST<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:    September 19, 2013<br>Time:   2:00 p.m.<br>Judge:  Hon. Jon S. Tigar<br>Ctrm:   9 |

## TABLE OF CONTENTS

I.    FACTUAL BACKGROUND.....................................................................................1

II.   LEGAL ARGUMENT........................................................................................4

    A.    Legal Standard................................................................................4

    B.    Plaintiff Has Met Rule the Pleading Requirements of F.R.C.P. Rule 8(b)..........5

    C.    Plaintiff Has Sufficiently Pleaded a Cause of Action for Violation of Cal.
           Civil Code § 2923.6...............................................................................6

         1.    The Civil Code Expressly Provides for a Private Right of Action
                 Under Cal. Civil Code § 2923.6..................................................6

         2.    Plaintiff Has Clearly Identified, and Quoted Verbatim, Defendants'
                 Exact Statutory Violations.........................................................7

         3.    Plaintiff Has Sufficiently Pleaded Defendants' Violations of Cal.
                 Civil Code § 2923.6..................................................................7

    D.    Plaintiff Has Sufficiently Pleaded a Cause of Action for Violation of Cal. Civil
           Code § 2924, et seq.............................................................................8

    E.    Plaintiff Has Sufficiently Pleaded A Cause Of Action For Violation Of ECOA...9

         1.    The Procedural Requirements Set Forth in 15 USC § 1691 Apply to
                 Plaintiff's Request for a Loan Modification..................................10

         2.    Plaintiff is a Member of a Protected Class....................................11

    F.    Plaintiff Has Sufficiently Pleaded A Cause Of Action For Breach of the
           Covenant of Good Faith and Fair Dealing.................................................12

         1.    Plaintiff Sufficiently Identified the Contractual Term Necessary to
                 Support Her Claim..................................................................12

         2.    Plaintiff Has Sufficiently Pleaded Defendants' Interference with
                 Plaintiff's Performance Under the Deed of Trust............................12

    G.    Plaintiff Has Sufficiently Pleaded A Cause of Action for Promissory
           Estoppel.........................................................................................13

          1.    Plaintiff Has Pleaded a Clear and Unambiguous Promise...................14

         2.    Plaintiff's Cause of Action is Not Barred by the Statute of Frauds.......14

3. Plaintiff Has Pleaded Justifiable Reliance......................................14

H. Plaintiff Has Sufficiently Pleaded Her Fraud Based Claims..........................15

I. Plaintiff Has Sufficiently Pleaded a Cause of Action for Negligent
Misrepresentation....................................................................17

J. Plaintiff Has Sufficiently Pleaded An Unfair Competition Claim.................17

1. Plaintiff Sufficiently Pleaded an Underlying Claim.........................18

2. Plaintiff Suffered Injury in Fact............................................18

K. Even If Plaintiff's Claim for ECOA is Dismissed, This Court Still Has
Jurisdiction Over this Case Based on Diversity of Citizenship....................19

III. CONCLUSION...........................................................................19

**TABLE OF AUTHORITIES**

**Cases**

Anderson v. Heart Fed. Sav. & Loan Ass'n,
208 Cal. App. 3d 202, 215 (1989)..............................................................9

Ashcroft v. Iqbal,
129 S.Ct. 1937, 1949 (2009)...................................................................4

Balistreri v. Pacific Police Department,
901 F.2d 696, 699 (9th Cir. 1990)...........................................................4

Bank of America Nat'l Trust & Sav. Asso. v. Hutchinson
(1963) 212 Cal. App. 2d 142, 148...........................................................17

Bell Atlantic Corp. v. Twombly,
550 US 544 (2007).........................................................................4, 7

Chang v. Chen,
80 F.3d 1293, 1296 (9th Cir.1996)..........................................................4

Charpentier v. L.A. Rams Football Co.,
75 Cal.App.4th 301, 312 (1999)............................................................16

City Solutions, Inc.,
365 F.3d at 841............................................................................15

1

Committee on Children's Television, Inc. v. General Foods Corp.,
35 Cal.3d 197, 217 (1983)...................................................................................15

Conley v. Gibson,
355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)...................................................4, 5

Davis v. U.S. Bancorp,
383 F.3d 761 (2004)..........................................................................................9

Foley v. Interactive Data Corp.,
47 Cal.3d 654, 683-684 (1988))..........................................................................12

Foman v. Davis,
371 U.S. 178, 182 (1962)....................................................................................4

Hafiz v. Greenpoint Mortgage Funding, Inc.,
652 F.Supp.2d 1039, 1045 (2009)........................................................................11

Harris v. Wells Fargo Bank, N.A.,
No. 3:12-cv-05629-JST, 2013 LEXIS 61847, at * 25 (N.D. Cal. April 30, 2013)...................13

Harvey v. Bank of Am., N.A.,
No. 12-cv-3238-SC, 2013 WL 632088, at *2–3 (N.D. Cal. Feb. 20, 2013).........................13

Hauk v. JP Morgan Chase Bank USA,
552 F.3d 1114, 1122 (9th Cir. 2009).....................................................................18

Heimann v. National Elecator Industry Pension Fund,
187 F.3d 493, 509 (5th Cir. 1999)........................................................................16

Hunt v. Washington State Apple Advertising Comm'n,
(1977) 432 US 333, 347-348................................................................................19

Kasky v. Nike, Inc.,
27 Cal. 4th 939, 949 (2002))...............................................................................18

Laks v. Coast Federal Saving & Loan Association,
60 Cal.App.3d 885, 890 (1976)............................................................................13

Pareto v. F.D.I.C.,
139 F.3d 696, 699 (9th Cir. 1998).........................................................................4

Pashley v. Pacific Electric RR.
(1944) 25 Cal. 2d 226, 235.................................................................................17

Roussel v. Wells Fargo Bank,
12-cv-04057-CRB, 2013 WL 146370, at *6 (N.D. Cal. Jan. 14, 2013............................17

2

Schneider v. California DOC,
151 F.3d 1194, 1196 (9th Cir. 1998)..............................................................5

Secrest v. Security National Mortgage Loan Trust 2002-2,
167 Cal.App.4th 544, 555 (2008)............................................................14, 16

Sprewell v. Golden State Warriors,
266 F.3d 979, 988 (9th Cir. 2001)..................................................................4

State of Missouri ex rel Pemiscot County, Mo. V. Western Sur. Co.
(8th Cir. 1995) 51 F.3d 170, 173..................................................................19

Susilo v. Wells Fargo Bank, N.A.,
796 F. Supp. 2d 1177, 1188 (U.S. Dist., 2011)................................................9

Tanner v. Title Ins. & Trust Co.
20 Cal.2d 184 (1942)...............................................................................12

Tarmann v. State Farm Mut. Auto Ins. Co.,
2 Cal.App.4th 153, 157 (1991)....................................................................15

Thomson v. International Alliance of Theatrical Stage Employees and Moving Picture
Machine Operators of the United States and Canada,
232 Cal.App. 446, 454(1965))....................................................................13

**Statutes**

15 U.S.C. §1691(d).................................................................................9, 10

28 U.S.C. section 1332............................................................................19

Fed. R. Civ. P. 9(b)................................................................................16

Fed. R. Civ. P. 12(b)(6)...................................................................Generally

Cal. Civ. Code § 1511...............................................................................10

Cal. Civ. Code § 2923.6.........................................................................6-8, 18

Cal. Civ. Code § 2924.......................................................................6, 8, 9, 18

California Bus. & Prof. Code § 17200.........................................................17, 18

**INTRODUCTION**

Plaintiff brings this Complaint after Defendants' repeated violations of the newly enacted Homeowner Bill of Rights and related causes of action. In the case at hand, Plaintiff was current on her loan when Defendant BANK OF AMERICA (hereafter" BANK OF AMERICA"), as the agent for Defendant BANK OF NEW YORK MELLON (hereafter "BANK OF NY"), induced her to stop making payments on the loan through a series of false promises, in order to receive a loan modification. Thereafter, when Plaintiff was in the process of applying for a loan modification, Defendants recorded a Notice of Default, indicating its intent to sell Plaintiff's home while it was reviewing Plaintiff's completed loan modification application. Moreover, on or around May 20, 2013, Defendants purported to deny Plaintiff's loan modification application and then immediately filed a Notice of Trustee's Sale the following day, thereby violating Plaintiff's right to appeal the so-called denial. This lawsuit follows.

Defendants' Motion to Dismiss is a misguided attempt to thwart the Court's attention away from the true allegations of Plaintiff's lawsuit. In its Motion to Dismiss, Defendants attempt to distract the court from the true facts of this case – Defendants' systematic practice of engaging in deceitful business practices. See Motion to Dismiss generally. Defendants wholly fail to acknowledge their involvement in ruining Plaintiff's credit and engineering Plaintiff's alleged default. As detailed below, Defendants' conduct has given rise to Plaintiff's several causes of action against Defendants, and accordingly, Defendants' Motion to Dismiss should be denied.

## I. FACTUAL BACKGROUND

On or about June 1, 2005, Plaintiff obtained a loan on her property located at 25703 Barnard Street, Hayward, California 945445 (the "Property") and executed a Promissory Note and Deed of Trust which was subsequently acquired by BANK OF NY, with BANK OF AMERICA as the servicer of the loan. (FAC at ¶ 10). Between June 1, 2005 and August 2011, Plaintiff fully performed under the contract by making a timely monthly payment each month, however, in or around August 2011, Plaintiff called BANK OF AMERICA to request a loan modification. (FAC at ¶ 11-12). Plaintiff spoke with a female representative of BANK OF

1

1    AMERICA'S who told Plaintiff that she was qualified for a modification of her home loan,

2    however, she told Plaintiff that the only way to receive a loan modification was to be at least sixty

3    days delinquent on her payments. (FAC at ¶ 12).  Plaintiff expressed concern about missing

4    payments, and the representative responded that it BANK OF AMERICA was not supposed to

5    tell borrowers this, but it was Defendants' policy to inform borrowers to miss payments for at

6    least sixty days, and then they could qualify for a modification. (FAC at ¶ 12).  Plaintiff inquired

7    about the effect missed payments would have on her credit and BANK OF AMERICA'S

8    representative informed Plaintiff that it was BANK OF AMERICA'S policy to not report

9    Plaintiff's delinquency to credit agencies if the borrower was missing payments in order to

10   receive a modification, instead, BANK OF AMERICA'S representative told Plaintiff that it

11   would refrain from reporting Plaintiff's account status at all to credit agencies while Plaintiff was

12   being reviewed for a modification. (FAC at ¶ 12).  Plaintiff also learned that BANK OF

13   AMERICA would not initiate foreclosure proceedings against Plaintiff's property while she was

14   being reviewed for a modification. (FAC at ¶ 12). Therefore, in reliance on BANK OF

15   AMERICA'S statements, Plaintiff did not make her September 2011 payment.  (FAC at ¶ 12).

16       In or around November 2011, when Plaintiff was sixty days delinquent in payments, she

17   contacted BANK OF AMERICA to begin applying for a loan modification, as she was instructed

18   to do by BANK OF AMERICA'S female representative in August 2011. (FAC at ¶ 13).

19   However, the representative that Plaintiff was directed to during this phone call advised Plaintiff

20   that her account was not yet delinquent enough and advised her to call back the following month

21   to request a modification. (FAC at ¶ 13). Thereafter, in December 2011, Plaintiff submitted a

22   complete loan modification application for BANK OF AMERICA'S review.  (FAC at ¶ 14).  In

23   or around February 2012, when Plaintiff had not received any determination on her loan

24   modification application, Plaintiff attended a Neighborhood Assistance Corporation of America,

25   hereafter "NACA," event and spoke with another female representative of BANK OF AMERICA

26   who advised Plaintiff that in order to receive a loan modification, she should discharge some debt

27   and solicit a roommate who could help raise Plaintiff's monthly income. (FAC at ¶ 14).

28   Therefore, based on these representations from BANK OF AMERICA, Plaintiff filed for

2

1   bankruptcy in March 2012 and discharged approximately $66,000.00 in debt in or around June

2   2012 and immediately found a roommate to pay approximately $1,000.00 per month. (FAC at ¶

3   14).

4           In or around July 2012, after Plaintiff's bankruptcy was discharged, she contacted BANK

5   OF AMERICA once more to request a loan modification and on July 25, 2012, via letter, BANK

6   OF AMERICA acknowledged that Plaintiff had submitted a completed loan modification

7   application. (FAC at ¶ 15).  However, two days later, on July 27, 2012, Plaintiff received a letter

8   indicating that her modification was denied because Plaintiff "did not complete and submit all of

9   the documents [BANK OF AMERICA] requested."  (FAC at ¶ 15).  Confused by these

10  contradictory letters, Plaintiff immediately contacted BANK OF AMERICA and was informed

11  that the denial letter was sent in error but that she would need to submit a new loan modification

12  application, which she immediately did. (FAC at ¶ 15).  Between July 2012 and March 2013,

13  Plaintiff continued to submit and re-submit countless documents to BANK OF AMERICA in

14  pursuit of a loan modification. (FAC at ¶ 16).  However, despite Plaintiff's frequent phone calls

15  and attempts to determine the status of her modification, she never received any status of her loan

16  modification review.  (FAC at ¶ 16).  On or around February 11, 2013, when Plaintiff was still in

17  loan modification review and had never received a denial, Plaintiff received a Notice of Default.

18  (FAC at ¶ 17).  Plaintiff contacted BANK OF AMERICA immediately and was unable to speak

19  with anyone regarding her loan modification application and, therefore, she continued to wait for

20  a determination on her loan modification application.  (FAC at ¶ 17).

21          Finally, on or around April 6, 2013, Plaintiff was informed that she had been assigned a

22  single point of contact, an individual named Michelle Harrold who promised to work with her

23  through the remainder of the loan modification process. (FAC at ¶ 18).  Around this same time,

24  Plaintiff attended another NACA event, where an individual purporting to be a representative of

25  BANK OF AMERICA told Plaintiff that she did not qualify for a modification, however, she

26  never received written confirmation of the denial. (FAC at ¶ 18).  Plaintiff advised Harrold of

27  what transpired at the NACA event and that she had obtained a new job wherein her monthly

28  salary had increased by approximately $2,400.00 per month. (FAC at ¶ 18).  When Harrold

1 | learned of this, she advised Plaintiff to resubmit a new loan modification, even though Plaintiff

2 | had never received a written denial. (FAC at ¶ 18). Plaintiff immediately complied and returned

3 | all requested documents, including documentation of her increased income, on or around May 13,

4 | 2013 and on May 21, 2013, Plaintiff spoke with Harrold who confirmed that all documents had

5 | been received and were in the process of being reviewed. (FAC at ¶ 18). However, on May 22,

6 | 2013, Plaintiff received a denial of her modification application, dated May 20, 2013 and that

7 | same day, Plaintiff received a Notice of Trustee's Sale, which had been filed on May 21, 2013,

8 | indicating that her property would be sold. (FAC at ¶ 18).

9 | ## II.    LEGAL ARGUMENT

10 | ### A.    Legal Standard

11 | The courts have long held a strong policy in favor of determining disputes on the basis of

12 | their merits and not on technicalities of pleading rules. Foman v. Davis, 371 U.S. 178, 182

13 | (1962). As such, dismissal is reserved for such cases where it is clear that a cause of action

14 | cannot be saved by any amendment. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996).

15 | In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true

16 | all material allegations in the complaint, as well as all reasonable inferences to be drawn from

17 | them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the

18 | light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979,

19 | 988 (9th Cir. 2001). To survive a motion to dismiss, a plaintiff need only plead facts sufficient to

20 | "state a claim for relief that is plausible on its fact." Bell Atlantic Corporation v. Twombly, 550

21 | U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

22 | that allows the court to draw the reasonable inference that the defendant is liable for the

23 | misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

24 | A dismissal is only appropriate where the plaintiff fails to state a claim supportable by any

25 | cognizable legal theory. Balistreri v. Pacific Police Department, 901 F.2d 696, 699 (9th Cir.

26 | 1990). A complaint need only contain "a short and plain statement of the claim that will give the

27 | defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley

28 | v. Gibson, 355 U.S. 41, 47 (1957) (abrogated on other grounds by Bell Atlantic Corporation v.

1　Twombly, 550 U.S. at 563 (2007)). For these reasons, dismissal without leave to amend is

2　improper unless it is clear that a complaint could not be saved by any amendment. Schneider v.

3　California DOC, 151 F.3d 1194, 1196 (9th Cir. 1998).

4　　　　In this case, Plaintiff pleaded sufficient facts to allege the nature and extent of the

5　wrongful conduct committed by Defendant. These factual allegations are thereafter incorporated

6　by reference into each applicable Cause of Action. Each Cause of Action identifies its particular

7　elements and the allegations made against Defendant. As such, Plaintiff has sufficiently pleaded

8　allegations to place Defendant on notice of the claims against them and the grounds upon which

9　those claims rest. Because of this, the motion to dismiss should be denied or, alternatively,

10　Plaintiff should be granted leave to amend.

11　　　　**B.**　　**Plaintiff Has Met Rule the Pleading Requirements of F.R.C.P. Rule 8(b).**

12　　　　Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim

13　showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what

14　the . . . claim is and the grounds upon which it rests." Twombly at 554 (2007) (citing Conley v.

15　Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).) Defendants argue that Plaintiff's

16　First Amended Complaint is "group pleading" and that Defendants are not on notice of what the

17　claims are against each separate entity. MTD at p. 2. Defendant also asserts that "all eight claims

18　[are asserted] broadly against 'all Defendants'." MTD at p. 2, ln. 19-21. This is ridiculous!

19　Plaintiff clearly asserts that her third, sixth and seventh causes of action are only asserted against

20　Defendant BANK OF AMERICA. FAC Generally. Further, the remainder of the causes of

21　actions are asserted against both Defendant BANK OF AMERICA and BANK OF NY based on

22　agency principles, as clearly stated in Plaintiff's First Amended Complaint. FAC at ¶ 9.

23　Additionally, Plaintiff clearly asserts that, at all times alleged in her First Amended Complaint,

24　Defendant BANK OF AMERICA was acting as the agent of Defendant BANK OF NY for

25　purposes of servicing the loan that BANK OF NY was the beneficiary thereof. FAC at ¶ 5, 6, 9,

26　10. For these reasons, Defendants first argument lacks merit and must be disregarded.

27　///

28　///

C.    **Plaintiff Has Sufficiently Pleaded a Cause of Action for Violation of Cal. Civil Code § 2923.6.**

California Civil Code § 2923.6 provides that

> [I]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of default, notice of sale, or conduct a trustee's sale while the complete first lien loan modification application is pending...until...the mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period...has expired.

Cal. Civ. Code 2923.6(c). In the case at hand, Plaintiff alleges that both Defendants BANK OF AMERICA and BANK OF NY violated California Civil Code 2923.6 when it caused a Notice of Default and Notice of Trustee's Sale to be recorded against Plaintiff's Property when Plaintiff had submitted a complete modification application for her first lien loan, which was still under review. FAC at ¶ 25-26. Defendants attempt to defeat Plaintiff's allegations on three erroneous grounds. First, Defendant unconvincingly contends that there is no private right of action under Cal. Civil Code § 2923.69. MTD at p. 3, ln. 6.  Second, Defendants argue that Plaintiffs have failed to identify exactly what provision of the statute Defendants violated.  MTD at p. 3, ln. 21-22. Lastly, Defendants argue that it did not violate this civil code section. MTD at p. 4-5. For the reasons stated herein, each assertion fails.

1.    **The Civil Code Expressly Provides for a Private Right of Action Under Cal. Civil Code § 2923.6.**

Defendants' first unconvincing argument is that there is no private right of action under Cal. Civil Code § 2923.6. MTD at p. 3, ln. 6. This is blatantly untrue. In enacting the Homeowner's Bill of Rights, the Legislature provided clear and convincing evidence that there was a private right of action under Cal. Civil Code § 2923.6. In fact, the Legislature, when amending the current version of Cal. Civil Code § 2923.6 added Cal. Civil Code § 2924.12(a)(1), which reads "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section...2923.6." Therefore, the Legislature has made it uncontrovertibly clear that it intended that there be a private right of action based on violations of Cal. Civil Code § 2923.6. Thus, Defendants' argument fails.

6

2.    **Plaintiff Has Clearly Identified, and Quoted Verbatim, Defendants' Exact Statutory Violations.**

Defendants' next erroneous argument is that "Plaintiff fails to identify the specific aspects of *Cal. Civ. Code* § 2923.6 that DEFENDANTS allegedly violated." MTD at p. 3, ln. 21-22 (citing to Plaintiff's FAC ¶ 22-27). Defendants' argument clearly lacks merit as, in the very portion of the FAC that Defendants cite, Plaintiff sets forth, verbatim, the two provisions that Plaintiff alleges were violated by Defendants, specifically Cal. Civil Code §§ 2923.6(c) and (d). FAC at ¶ 23. Plaintiff's FAC could not be any clearer as to what provision Defendant violated. Further, Defendants' last arguments to this cause of action prove that Defendants are on notice of the claims against them. See MTD at p. 4-5; Bell Atlantic Corp. v. Twombly, 550 US 544 (2007). Therefore, Defendants' argument fails.

3.    **Plaintiff Has Sufficiently Pleaded Defendants' Violations of Cal. Civil Code § 2923.6.**

Defendants last erroneously argue that Plaintiff has failed to plead a violation of Cal. Civil Code § 2923.6. MTD at p. 4, ln. 1-2. Defendant first argues that Plaintiff was denied for a loan modification in July 2012 and, therefore, Defendants were not obligated to review her second loan modification application in accordance with Cal. Civil Code § 2923.6 and, therefore, they were justified in filing a Notice of Default while Plaintiff's loan modification application was still pending. MTD at p. 4, ln. 1-20. This is untrue for several reasons. First, Cal. Civil Code § 2923.6(g) provides that Defendants are not "<u>obligated</u> to evaluate applications from borrowers who have already been <u>evaluated</u>." (emphasis added). This is inapplicable to the case at hand for two reasons, the first being that Plaintiff was never evaluated for a first lien loan modification prior to January 1, 2013. As is clearly stated in Plaintiff's FAC, in July 2012, Defendants sent Plaintiff a letter on July 25, 2012 stating that she had submitted a complete loan modification application. FAC at ¶ 15. However, two days later, Defendants sent her a contradictory letter stating that Plaintiff's application was denied because she "did not complete and submit all of the documents requested." FAC at ¶ 15. Further, immediately after the July 27, 2012 "denial," BANK OF AMERICA told Plaintiff that the denial was an error. FAC at ¶ 15. This can hardly be construed as Plaintiff having been "evaluated" for a loan modification. Cal. Civil Code §

7

1  2923.6(g). Further, even if this was considered a prior evaluation, this section is still inapplicable

2  to the case at hand because while Defendants are not "obligated" to evaluate a second loan

3  modification application, if they undertake to do so anyways, they are still required to abide by

4  the provisions set forth in Cal. Civil Code § 2923.6(c).

5        Next, Defendant argues that it was not in breach of the Civil Code when it denied

6  Plaintiff's loan modification application on May 20, 2013 and then recorded a Notice of Trustee's

7  Sale on May 21, 2013. FAC at ¶ 26. However, this is a clear breach of Cal. Civ. Code §

8  2923.6(c) which provides that Defendants cannot record a notice of sale until after "[t]he

9  mortgage servicer makes a written determination that the borrower is not eligible for a first lien

10  loan modification, and any appeal period pursuant to subdivision (d) has expired." Cal. Civ.

11  Code § 2923.6(c)(1). The provision regarding the appeal period provides that "[i]f a borrower's

12  application for a first lien loan modification is denied, the borrower shall have at least 30 days

13  from the date of the written denial to appeal the denial and to provide evidence that the mortgage

14  servicer's determination was in error." Cal. Civ. Code § 2923.6(d). This is clearly outlined and

15  pleaded verbatim in Plaintiff's FAC. FAC at ¶ 23. Defendants argue that Plaintiff could still

16  have appealed the denial, even though Defendants violated the civil code, however, this is

17  irrelevant. Civil Code §§ 2923.6(c) and (d) clearly provide that Defendants violate the civil code

18  when the record a Notice of Trustee's Sale less than 30 days after Defendants issue a written

19  denial of Plaintiff's application. In the present case, Defendants issued a written denial of

20  Plaintiff's application on May 20, 2013 and recorded a Notice of Trustee's Sale on May 21, 2013

21  – a clear violation of the statute. There is no requirement that Plaintiff actually appeal, as

22  Defendants seem to indicate. For these reasons, Defendants' motion to dismiss this cause of

23  action must be overruled.

24        **D.    Plaintiff Has Sufficiently Pleaded a Cause of Action for Violation of Cal. Civil
              Code § 2924, *et seq*.**

25

26        Plaintiff's wrongful foreclosure is premised on the allegations that Plaintiff was not in

27  default on the loan agreement because she was induced not to make payments, thus excusing her

28  performance under the agreement. FAC at ¶ 30-32. Defendants erroneously moves to dismiss

1   Plaintiff's cause of action on three erroneous grounds. First, Defendants argue that there is no

2   private of action under this civil code. MTD at p. 6, ln. 2-3. Next, Defendants argue that Plaintiff

3   is imputing additional requirements on Defendants that are not articulated by the civil code

4   section. MTD at p. 6, ln. 16-27. Lastly, Defendants argue that Plaintiff has failed to specify the

5   specific civil code provisions that Defendants violated. MTD at p. 7, ln. 1-2. All of these

6   arguments fail and, thus, Defendants' Motion to Dismiss this cause of action must be overruled.

7       First, contrary to Defendants' assertion, California law does provide a private right of

8   action under Civil Code § 2924. MTD at p. 6, ln. 2-15. In Mabry v. Superior Court, explicitly

9   recognized a Plaintiff's right to challenge a pending foreclosure. See 185 Cal. App. 4th at 221.

10  Further, Plaintiff has clearly outlined exactly what provisions of Civil Code § 2924 that

11  Defendants have breached, specifically, § 2924a(1)(C). FAC at ¶ 32. Lastly, Plaintiff is not

12  imposing any substantive duties on Defendants that are not imposed by statute. Specifically, in

13  the Susilo v. Wells Fargo Bank, N.A., 796 F. Supp. 2d 1177, 1188 (U.S. Dist., 2011), and

14  Anderson v. Heart Fed. Sav. & Loan Ass'n, 208 Cal. App. 3d 202, 215 (1989), the Courts have

15  recognized a duty on the part of the lender to comply with Civil Code § 2924 in a non-judicial

16  foreclosure. Thus, Defendants' arguments fail and their Motion to Dismiss must be overruled.

17      **E.     Plaintiff Has Sufficiently Pleaded A Cause Of Action For Violation Of ECOA.**

18      The Equal Credit Opportunity Act ("ECOA") mandates that "within thirty days after

19  receipt of a completed application for credit, a creditor shall notify the applicant of its action on

20  the application." 15 U.S.C. §1691(d). ECOA also prohibits discrimination against members of a

21  protected class in extending lines of credit. Therefore, the Code has two separate and distinct

22  requirements: the procedural requirements and the anti-discrimination mandate. Davis v. U.S.

23  Bancorp, 383 F.3d 761 (2004). Plaintiff has pleaded that Defendant BANK OF AMERICA failed

24  to abide by both the procedural and the anti-discrimination mandates imposed by the Code. FAC

25  at ¶ 35-38. Defendant BANK OF AMERICA moves to dismiss Plaintiff's cause of action on two

26  erroneous grounds. First, Defendant argues that the Code does not apply to Plaintiff's claims.

27  MTD at p. 7-9. Second, Defendant argues that Plaintiff has failed to establish that she is a

28  member of a protected class or that she was denied credit on the basis of her protected class

1   status.  MTD at p. 9, ln. 13-20. However, each of Defendant's arguments fails and, thus, so does

2   its Motion to Dismiss this cause of action.

3        **1.   The Procedural Requirements Set Forth in 15 USC § 1691 Apply to Plaintiff's**

4           **Request for a Loan Modification.**

5        Defendant's first erroneous arguments are that ECOA does not apply to loan modification

6   applications, or to Plaintiff.  Defendant first contends that ECOA only applies to the credit

7   applications that are specifically delineated in 15 U.S.C. § 1691(c). MTD at p. 7, ln. 19-24.

8   Defendant's argument could not be further from the truth.  The list of applications delineated in

9   15 U.S.C. § 1691(c) sets forth credit applications that are <u>excluded</u> from the provisions of 15

10  U.S.C. § 1691(d).  Specifically, this portion of the code provides that "[i]t is not a violation of this

11  section to refuse to extend credit offered pursuant to [these programs]." 15 U.S.C. § 1691(c).

12  Therefore, Plaintiff's claim would be barred if she alleged that her application for credit was a

13  credit assistance program authorized by law or by a non-profit or a special purpose credit program

14  offered to meet special social needs. 15 U.S.C. § 1691(c). As Plaintiff's application for credit

15  was for a loan modification, she is entitled to the protections of this statute.

16       Defendant also argues that Plaintiff has failed to allege that a loan modification request is

17  an application for credit.  MTD at p. 8, ln. 3-4. However, Plaintiff has clearly alleged that, in July

18  2012, "Plaintiff submitted a completed loan modification application, thereby applying for an

19  extension of credit." FAC at ¶ 37.  Further, ECOA clearly defines "credit" as "[t]he right granted

20  by a creditor to a debtor to defer payment of debt." 15 U.S.D. § 1691a. As Defendant knows, a

21  loan modification is a request to do just that, defer a payment of debt owed, by either extending

22  the terms of the loan or allowing the debtor to pay a reduced monthly amount.  Therefore,

23  Defendant's claims that loan modifications are not applications for credit fails.

24       Defendant's next erroneous argument is that Plaintiff was in default when she applied for

25  the extension of credit and, therefore, she is entitled to the protections of ECOA. MTD at p. 8, ln.

26  11-21. However, as articulated throughout Plaintiff's First Amended Complaint, she was not in

27  default when she sought a loan modification, because her performance under the Deed of Trust

28  was waived based on Defendant's inducement that Plaintiff not perform.  Cal. Civ. Code § 1511.

1  Defendant also argues that Plaintiff has failed to plead how she was qualified for a loan

2  modification. MTD at p. 8, ln. 22-24. To the contrary, Plaintiff has pleaded that, on numerous

3  occasions, she was told by Defendant BANK OF AMERICA that she was qualified for a loan

4  modification. Specifically, she was told this in August 2011 when she first applied for a

5  modification. FAC at ¶ 12. Further, in February 2012, she was told that she would receive a

6  modification after she took certain steps, such as filing for bankruptcy and obtaining a roommate,

7  all of which Plaintiff did. FAC at ¶ 14. Also, Plaintiff's argument that she was denied a

8  modification in July 2012 is equally without merit because the July 27, 2012 "denial" could

9  hardly be construed as a denial on the merits of her application. See Supra II,C,3; FAC at ¶ 15.

10 Therefore, Plaintiff has pleaded facts that she was qualified for the extension of credit. Lastly,

11 Defendant argues that Plaintiff did not submit a completed application because she was required

12 to re-submit numerous documents between July 2012 and March 2013 and, therefore, Defendant

13 was not required to give her a final determination. MTD at p. 9, ln. 2-7. In the instant case,

14 Plaintiff's application was complete when she submitted it in July 2012, as is clearly alleged,

15 because she immediately submitted all documentation requested by Defendant. FAC at ¶ 15.

16 However, after submitting a complete, Defendant began to lose Plaintiff's application and

17 supporting documentation, requiring Plaintiff to, time and time again, re-submit the same

18 information to Defendant. Id. Therefore, there remains a question of fact as to what constituted a

19 completed application in July 2012 and whether Defendant received all information on that date,

20 which Plaintiff alleges they did. As questions of fact are inappropriate for disposition in this

21 stage of the pleadings, Defendant's Motion to Dismiss this cause of action must be overruled.

22        **2. Plaintiff is a Member of a Protected Class.**

23        Defendant's next erroneous argument is that Plaintiff "has not established that she is a

24 member of an ECOA-protected class or that she was indeed denied 'credit' on the basis of her

25 ECOA protected class status." MTD at p. 9, ln. 13-15. Plaintiff has pleaded that she is of

26 Hispanic descent and, therefore, a member of a protected class based on national origin. FAC at ¶

27 36. Plaintiff need not plead that she was denied credit because of her protected class but must

28 only plead that she was a member of a protected class, which she has done. Hafiz v. Greenpoint

Mortgage Funding, Inc., 652 F.Supp.2d 1039, 1045 (2009). Thus, Defendant's argument fails and must be overruled accordingly.

### F. Plaintiff Has Sufficiently Pleaded A Cause Of Action For Breach of the Covenant of Good Faith and Fair Dealing.

Every contract contains an implied covenant on the part of each party not to prevent or hinder performance by the other party. Tanner v. Title Ins. & Trust Co. 20 Cal.2d 184 (1942). "[T]he implied covenant of good faith is read into contracts 'in order to protect the express covenants or promises of the contract.'" Id at 373 (quoting Foley v. Interactive Data Corp., 47 Cal.3d 654, 683-684 (1988)).   In the case at hand, Plaintiff has alleged that Defendants interfered with Plaintiff's ability to perform under Section 1 of the Deed of Trust by advising Plaintiff not to make payments as required by Section 1. FAC at ¶ 44-46. Defendants erroneously move to dismiss Plaintiff's cause of action for breach of the covenant of good faith and fair dealing on two grounds. First, Defendants claim that Plaintiff has failed to plead the specific contract and contractual provisions that were breached. MTD at p. 10, ln. 22-26. Next, Defendants argue that it has not unfairly interfered with Plaintiff's rights and obligations under the contract. Id at p. 10, ln. 27-28. For the reasons stated below, however, Defendants' Motion to Dismiss as to this cause of action should be denied or, in the alternative, Plaintiff should be granted leave to amend.

### 1. Plaintiff Sufficiently Identified the Contractual Term Necessary to Support Her Claim.

Defendants first attempt to defeat Plaintiff's cause of action based on an alleged lack of identification of the specific loan term pursuant to which the covenant of good faith was breached. This is false. Plaintiff clearly alleges the Section of the Deed of Trust that she alleges was interfered with, specifically Covenant 1, and sets forth the terms of the Covenant, verbatim. FAC at ¶ 44. Thus, as Plaintiff has sufficiently identified the contract and loan terms pursuant to which Defendants breached the covenant of good faith, Defendants' motion to dismiss on this ground must be overruled.

### 2. Plaintiff Has Sufficiently Pleaded Defendants' Interference with Plaintiff's Performance Under the Deed of Trust.

12

Defendants' next erroneous argument is that Plaintiff has not pleaded that Defendants consciously and deliberately sought to induce Plaintiff to default, thus interfering with her ability to perform.  MTD at p. 11.  This court has consistently held that a cause of action for breach of the implied covenant of good faith and fair dealing is sufficiently plead when the defendant induced the plaintiff to stop making payments on their loan through a series of false promises, such as the forbearance of initiating foreclosure proceedings, and then the defendant did initiate foreclosure proceedings.  Harris v. Wells Fargo Bank, N.A., No. 3:12-cv-05629-JST, 2013 LEXIS 61847, at * 25 (N.D. Cal. April 30, 2013); citing Harvey v. Bank of Am., N.A., No. 12-cv-3238-SC, 2013 WL 632088, at *2–3 (N.D. Cal. Feb. 20, 2013).  Therefore, Defendants' argument must be overruled.

**G.      Plaintiff Has Sufficiently Pleaded A Cause of Action for Promissory Estoppel.**

To plead a claim for promissory estoppel, a party must allege: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." Laks v. Coast Federal Saving & Loan Association, 60 Cal.App.3d 885, 890 (1976) (quoting Thomson v. International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, 232 Cal.App. 446, 454(1965)).  In the case at hand, Plaintiff has alleged that she detrimentally relied on Defendants' promise that if she went late on her payments in pursuit of a loan modification, Defendants would not count her late or foreclose on her property during the pendency of the loan modification review. FAC at ¶ 51-54.  Defendants erroneously move to dismiss Plaintiff's cause of action on three erroneous grounds.  First, Defendants argue that Plaintiff has not pleaded a clear and unambiguous promise.  MTD at p. 12, ln. 5-6.  Next, Defendants argue that Plaintiff's claim is barred by the statute of frauds.  MTD at p. 12, ln. 19-20.  Lastly, Defendants argue that Plaintiff has not pleaded justifiable reliance.  MTD at p. 14, ln. 26.  As each of these arguments fail, Defendants' motion to dismiss must be denied.

**I. Plaintiff Has Pleaded a Clear and Unambiguous Promise.**

Plaintiff has clearly pleaded that Defendants promised Plaintiff that, if she went late on

13

1   her mortgage payments in order to receive a loan modification, Defendants would not report her

2   missed payments to credit agencies and would not initiate foreclosure proceedings against

3   Plaintiff's Property.  FAC at ¶ 51.  Defendants fail to make any argument as to how this promise

4   is anything except clear and unambiguous! MTD at p. 12, ln. 5-6.  Therefore, Defendants'

5   demurrer on this ground must be overruled.

6          **2.  Plaintiff's Cause of Action is Not Barred by the Statute of Frauds.**

7          Defendants also move to dismiss Plaintiff's promissory estoppel claim on the erroneous

8   ground that it is barred by the Statute of Frauds.  Specifically, Defendant claims that an oral

9   promise to postpone a foreclosure sale is barred by the statute of frauds and insufficient to modify

10  Defendant's right to foreclose under the Deed of Trust. MTD at p. 12-13. The Statute of Frauds

11  does not prevent Plaintiff's claims for this cause of action.  It is generally recognized that a

12  mortgage or deed of trust comes within the statute of frauds. Secreset v. Security Nat'l Mortg.

13  Loan Trust 2002-2, 167 Cal.App.4[th] 544, 552.  The problem with Defendants' argument is that

14  Plaintiff is not seeking to alter the agreement by way of the promissory estoppel.  Plaintiff's claim

15  rests on the argument that Defendant promised to refrain from foreclosure proceedings while

16  Plaintiff was in loan modification review. FAC at ¶ 52. In fact, contained in the Deed of Trust is

17  an explicit provision giving Defendants the authority to do just that, not initiate foreclosure

18  proceedings.  See Plaintiff's RJN, Ex. 1, Section 12 (Lender may forbear from exercising its

19  rights and remedies under the Deed of Trust).  Though Defendant certainly had the option to

20  invoke these remedies, it also had the option to refrain from so doing.   Accordingly, as the oral

21  promise upon which Plaintiffs' promissory estoppel claim relies is not a modification of the loan

22  agreement, it is not barred by the Statute of Frauds.

23         **3.  Plaintiff Has Pleaded Justifiable Reliance.**

24         Defendants next erroneously moves to dismiss Plaintiff's cause of action on the grounds

25  that Plaintiff's reasonable was not justified. MTD at p. 15, ln. 1-2. However, Defendant has

26  clearly missed specific allegations and entire essence of Plaintiff's complaint, as Plaintiff's First

27  Amended Complaint is premised on the allegation that Plaintiff was current on her loan payments

28  when she was induced to stop making payments! See FAC generally.  In addition, Plaintiff has

14

1   alleged that she maintained good credit as a result of her great payment history and relied on

2   Defendants' representations that her credit would not be destroyed. FAC at ¶ 52-54. As

3   Defendant well knows, most people have no reason to doubt the statements made to them by their

4   banks. In fact, most people trust and rely on the statements their banks make. Defendants'

5   doubts as to the plausibility of this reliance seem very misplaced and only cast doubts as to its

6   own representations. Further, whether reliance is reasonable is a question of fact, not appropriate

7   for disposition on a Motion to Dismiss. City Solutions, Inc., 365 F.3d at 841. Thus, as Plaintiff

8   has very clearly alleged the detrimental reliance element necessary to sustain his promissory

9   estoppel cause of action, Defendant's motion to dismiss on this ground should be overruled.

10                 **H. Plaintiff Has Sufficiently Pleaded Her Fraud Based Claims.**

11          Defendant BANK OF AMERICA incorrectly moves to dismiss Plaintiff's fraud based

12   claims on several equally unavailing grounds. First, Defendant claims that Plaintiff failed plead

13   her fraud based claims with particularity. MTD at p. 17, ln. 4-13. Next, Defendant claims that

14   the misrepresentation was only an opinion about a future happening. Id. at p. 17, ln. 15-16.

15   Finally, Defendant claims Plaintiff failed to allege actual reliance or damages. Id at p. 18, ln. 12-

16   13.

17          First and foremost, Plaintiff clearly pleaded the misrepresentations of which she

18   complains, i.e. that if she began skipping payments on her loan, she would not face foreclosure.

19   FAC at ¶ 61. Generally, where a Plaintiff asserts a cause of action for fraud against a corporation,

20   the plaintiff must also allege, "the names of the persons who made the allegedly fraudulent

21   representations, their authority to speak, to whom they spoke, what they said or wrote, and when

22   it was said or written." Tarmann v. State Farm Mut. Auto Ins. Co., 2 Cal.App.4th 153, 157 (1991).

23   However, "less specificity is required when it appears from the nature of the allegations that the

24   defendant must necessarily possess full information concerning the facts of the controversy."

25   Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal.3d 197, 217 (1983). In

26   the present case, Plaintiff has clearly pleaded that Defendant is in possession of the information

27   concerning the facts in controversy. See FAC at ¶ 12. Pleadings alleging fraud may withstand a

28   motion to dismiss where the Court believes that elimination of confusion as to exactly who made

what representations, and by what means, could be reserved for the discovery stage.  Charpentier
v. L.A. Rams Football Co., 75 Cal.App.4th 301, 312 (1999).  Plaintiff has certainly pleaded with
specificity the actual misrepresentation made and, "a little discovery should clear up" the other
element. Charpentier at 312.  However, should the Court deem this insufficient, Plaintiff
respectfully requests leave to amend.

Further, contrary to Defendant's representation, the misrepresentations made by
Defendant were about presently existing facts, that is, that Defendant had a "policy to inform
borrowers to miss payments for at least sixty days, and then they could qualify for a
modification" and that Defendant had a "policy to not report Plaintiff's delinquency to credit
agencies if the borrower was missing payments in order to receive a modification."  FAC at ¶ 12.
These misrepresentations about the existence of policies are actionable as they are
misrepresentations about existing material facts.  Defendant also erroneously argues that Plaintiff
has not adequately plead Defendant's intent, however,  it is well settled law that intent need not
be pleaded with particularity and can be generally avered.  FRCP 9(b); Heimann v. National
Elecator Industry Pension Fund, 187 F.3d 493, 509 (5th Cir. 1999).

Lastly, Plaintiff has sufficiently alleged reliance and damages.  Plaintiff pleaded that, in
reliance on Defendant's representations, she did not make three payments under her loan, even
though she was ready, willing and able to make the payments.  FAC at ¶ 12.  Defendant's
argument that withholding payments is not reliance, and the case law that it cites to support its
position is unavailing.  In Secrest, the court found that an oral forbearance agreement was barred
by the statute of frauds because, even though the plaintiff could show reliance, there were other
remedies at law that the plaintiff could seek, such as money damages.  Secrest v. Security
National Mortgage Loan Trust 2002-2, 167 Cal.App.4th 544, 555 (2008).  Therefore, the holding
in Secrest, supports Plaintiff's position that she detrimentally relied on Plaintiff's representations
by ceasing payments.  Further, Plaintiff has pleaded damages as a result of her detrimental
reliance, specifically, "damage to her credit, excessive late fees and charges, and the imminent
loss of her property."  FAC at ¶ 61, 71.  For these reasons, Defendant's Motion to Dismiss must
be overruled.

## I.   Plaintiff Has Sufficiently Pleaded a Cause of Action for Negligent Misrepresentation.

1.   Defendant moves to dismiss this cause of action solely on the ground that Defendant owes no duty of care to Plaintiff. However, where one undertakes to speak on a matter, they have a duty to state truly what he tells and a duty not to suppress or conceal "any facts within his knowledge which will materially qualify those stated." Pashley v. Pacific Electric RR. (1944) 25 Cal. 2d 226, 235; Bank of America Nat'l Trust & Sav. Asso. v. Hutchinson (1963) 212 Cal. App. 2d 142, 148. Therefore, Defendant owed Plaintiff a duty not to conceal pertinent facts and Defendant breached that duty by concealing the truth, that Defendant would not exercise their authority to stop a foreclosure sale. Further, whether a lender owes a borrower a duty of care is a balancing test which includes "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." Roussel v. Wells Fargo Bank, 12-cv-04057-CRB, 2013 WL 146370, at *6 (N.D. Cal. Jan. 14, 2013). In the present case, there is a duty of care because: (1) loan modification is clearly intended to affect Plaintiff, as the determination on the modification would determine whether or not Plaintiff kept her home, as would an explanation of the effects of applying for a modification; (2) the potential harm to Plaintiff from misrepresentations surrounding the modification, specifically, telling Plaintiff to withhold payments, is certainly foreseeable; (3) the injury to Plaintiff for misrepresentations of this sort is certain, as missed payments would affect her loan status and place her in default; and (4) public policy dictates the correct handling of borrowers' accounts. Further, when Defendant made promises to Plaintiff regarding the treatment of her account, and induced detrimental reliance on these promises, Defendant created a duty of care in fulfilling these promises. For these reasons, Defendant's argument fails.

## J.   Plaintiff Has Sufficiently Pleaded An Unfair Competition Claim.

California's Unfair Competition Law (UCL) prohibits "any unlawful, unfair or fraudulent" business practice. California Bus. & Prof. Code § 17200. The statute "has a broad

17

1 │ scope that allows for 'violations of other laws to be treated as unfair competition that is

2 │ independently actionable' while also 'sweep[ing] within its scope acts and practices that

3 │ specifically prescribed by any other law.'" Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114,

4 │ 1122 (9th Cir. 2009) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)).  Plaintiff's UCL

5 │ claim is tethered to Defendants' violations of California law as set forth in the FAC. FAC at ¶ 76-

6 │ 83.  Defendants incorrectly object to Plaintiff's Claim for Violation of Business and Profession's

7 │ Code § 17200 ("UCL Violation") *et seq* on the grounds that Plaintiff has failed to (1) identify an

8 │ unlawful or fraudulent action necessary to support a viable UCL violation claim and (2) suffer

9 │ loss of money or property. For the reasons stated herein, each of Defendant's arguments fail.

10 │ **1.  Plaintiff Sufficiently Pleaded an Underlying Claim.**

11 │ Contrary to Defendant's contentions, Plaintiff has alleged multiple violations of specific

12 │ statutory and common law provisions which support her UCL claim.  Specifically, Plaintiff has

13 │ asserted causes of action for Breach of the Covenant of Good Faith and Fair Dealing, Promissory

14 │ Estoppel, Violation of Cal Civ. Code § § 2924 and 2923.6, Violation of ECOA, Intentional

15 │ Misrepresentation by Promissory Fraud, and Negligent Misrepresentation.  Accordingly, the

16 │ Court should deny Defendants' motion to dismiss with respect to Plaintiff's claim for violations

17 │ of California Business and Professions Code § 17200.  However, should the Court deem these

18 │ allegations insufficient, Plaintiff should be granted leave to amend.

19 │ **2.  Plaintiff Suffered Injury in Fact.**

20 │ Defendants incorrectly state that Plaintiff's claim fails for failure for lack of demonstrable

21 │ loss of money or property.  However, Defendants apparently want to ignore Plaintiff's specific

22 │ allegations and the entire essence of his lawsuit. First and foremost, Plaintiff specifically pleaded

23 │ in her UCL claim that:

24 │ "[a]s a result of Defendant's wrongful conduct, Plaintiff has suffered various
damages and injuries, including, but not limited to, *loss of money and property*

25 │ including but not limited to losses through overcharges, incurred attorneys' fees, a
loss of reputation and goodwill, destruction of credit, severe emotional distress,

26 │ loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety,
sleeplessness, sadness, and depression." FAC at ¶ 82 (emphasis added).

27 │ In addition, throughout the FAC, Plaintiff clearly and unequivocally claims that Defendant's

28 │ unlawful conduct has caused Plaintiff to incur money damages, attorneys' fees, and costs of suit

1  to prevent the sale of his home. FAC generally.  And finally, Plaintiff has consistently pled that

2  Defendant's actions resulted in the destruction of his credit. Id.  Accordingly, Defendant's motion

3  to dismiss on this ground must be overruled.

4  ### K. Even If Plaintiff's Claim for ECOA is Dismissed, This Court Still Has Jurisdiction Over this Case Based on Diversity of Citizenship.

5      If the Court is inclined to grant Defendants' Motion to Dismiss Plaintiff's ECOA claim

6  and to not exercise supplemental jurisdiction, the Court may still retain jurisdiction over the

7  parties based on diversity of citizenship. 28 U.S.C. section 1332 vests district courts with

8  "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

9  of $75,000.00, exclusive on interest and costs…" and is between citizens of different states.

10  Plaintiff is, and was at the time of the filing of the Complaint, citizens of California. FAC at ¶ 4.

11  Defendant BANK OF AMERICA is a citizen of, and domiciled in, North Carolina, where BANK

12  OF AMERICA is incorporated. Defendant BANK OF NEY is a citizen of, and domiciled in, New

13  York.  Further, the amount in controversy exceeds $75,000.00 because the amount in controversy

14  is determined by the amount of damages or the value of the property that is the subject of the

15  action. Hunt v. Washington State Apple Advertising Comm'n, (1977) 432 US 333, 347-348.  The

16  amount in controversy also includes attorneys' fees if attorneys' fees are recoverable by statute or

17  contract. State of Missouri ex rel Pemiscot County, Mo. V. Western Sur. Co. (8th Cir. 1995) 51

18  F.3d 170, 173.  In the present case, the loan at issue in this case is in the amount of $472,000.00,

19  which clearly exceeds the amount in controversy.

20  ### III. CONCLUSION

21      Based on the foregoing arguments, Plaintiff respectfully requests that the Motion to

22  Dismiss Plaintiff's First Amended Complaint filed by Defendants be denied.  However, should

23  the Court deem his allegations insufficient, Plaintiff respectfully requests leave to amend.

24  DATED: August 28, 2013                    Respectfully submitted,

25                                            MELLEN LAW FIRM

26

27                                            _/s/ Sarah Adelaars_
                                              Sarah Adelaars, Esq.
                                              Attorney for Plaintiff
28                                            TINA M. VASQUEZ