UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M. VASQUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA , N.A., et al.,<br><br>    Defendants. | Case No.  13-cv-02902-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 37 |

## I.  INTRODUCTION

In this home foreclosure action, the Court previously granted in part and denied in part a motion to dismiss by Bank of America, N.A. ("BANA") and Bank of New York Mellon ("BNYM") (collectively, "Defendants"), and dismissed certain claims in Tina M. Vasquez's ("Plaintiff") first amended complaint ("FAC") without prejudice.  Order Granting in Part and Denying in Part Motion to Dismiss ("Previous Order"), 2013 WL 6001924, ECF No. 15 (Nov. 12, 2013).  In the Previous Order, the Court gave Plaintiff specific guidance about what allegations she would need to plead if she re-asserted the claims dismissed without prejudice, and advised Plaintiff that she could re-assert the claims dismissed if she filed a second amended complaint, and, "in a separate document, specifically identify the new allegations she has made to respond to the deficiencies addressed in this."  2013 WL 6001924, at *18.

Plaintiff has now filed a second amended complaint ("SAC"), which Defendants have moved to dismiss.  ECF No. 35.  The Court adopts by reference the factual and procedural history, legal standards, and statement of jurisdiction from the Previous Order.  2013 WL 6001924, at *1-5.[1]

---

[1] In the SAC, Plaintiff has alleged, and Defendants have not disputed, that her state citizenship is diverse from Defendants.  SAC ¶ 2.  It also appears the amount in controversy exceeds $75,000.

## II. ANALYSIS

Defendants move to dismiss Plaintiff's second cause of action (for violation of Cal. Civ. Code § 2924, *et seq.*), third cause of action (for violation of 11 U.S.C. § 1691, *et seq.*, the Equal Credit Opportunity Act ("ECOA")), fifth cause of action (for promissory estoppel), sixth cause of action (for fraud) and seventh cause of action (for negligent misrepresentation). The Court addresses each in turn.

### A.   California Civil Code §2924 *et seq.* ("California's Nonjudicial Foreclosure Statute")

The Court dismissed this claim as pled in the FAC after noting that "there is no specific right of action provision, analogous to section 2924.12, that provides for civil enforcement of the specific requirements of sections 2924 *et seq.*," and that "California courts have declined to read into the statute an implied right of action to enforce its substantive requirements." Previous Order, 2013 WL 6001924, at *9 (citing Gomes v. Countrywide Home Loans, Inc., 192 Cal.App. 4th 1149, 1155 (2011), review denied (May 18, 2011), cert. denied, ___ U.S. ___, 132 S.Ct. 419). While "California courts do look to the statute's requirements in considering an equitable action to set aside a wrongful foreclosure sale," Plaintiff has not alleged that any such sale has taken place. Previous Order, 2013 6001925, at *9 (citing Lona v. Citibank, N.A., 202 Cal.App. 4th 89, 104 (2011)).

The FAC indicated that Plaintiff was entitled to damages, attorney's fees and an injunction. FAC ¶ 33. The Court dismissed the claim and advised Plaintiff that in any further amended complaint she must "clarify the nature of her cause of action, and "may only seek remedies for 'wrongful foreclosure' if those remedies have been recognized to be available in an action for which a violation of the wrongful foreclosure statute is a factual predicate. Previous Order, 2013 WL 6001924, at *10.

In the SAC, Plaintiff no longer seeks damages or attorney's fees, and now only "seek[s] equity from this Court enjoining Defendants from carrying out any unlawful foreclosure sales."

---

See Previous Order, 2013 WL 6001924, at *5. The Court therefore has diversity jurisdiction over the entire complaint pursuant to 28 U.S.C. § 1332.

FAC ¶ 33. She claims that this remedy has been recognized to be available in an action alleging noncompliance with California's nonjudicial foreclosure statute, citing Mabry v. Superior Court, 185 Cal. App. 4th 208, 225 (2010) and Ragland v. U.S. Bank Nat. Assn., 209 Cal. App. 4th 182, 201 (2012).

As discussed in the Court's Previous Order, Mabry held only that *section 2923.5* creates a private right of action to seek injunctive relief, and did not address whether the nonjudicial foreclosure statute does. Ragland, on the other hand, specifically held that section 2924g(d), a provision of the nonjudicial foreclosure statute, creates a private right of action.

Ragland does not discuss or distinguish other California cases which have held that there is generally no private right of action for injunctive relief under California law to enforce the requirements of the nonjudicial foreclosure statute. See, e.g., Gomes, 192 Cal.App.4th at 1154-57. But even assuming Ragland is good law, by its terms it extends only to section 2924g(d). There are good reasons why the Ragland court might have held that "a private remedy is necessary to make [section 2924g(d)] effective," without extending that holding to the remainder of the nonjudicial foreclosure statute. 209 Cal.App.4th at 201. Like section 2923.5, which was analyzed in Mabry, section 2924g(d) is a provision governing the timing and notice of a trustee's sale. Both provisions entitle a homeowner to more time in her home, independent from whether the ultimate foreclosure is permissible. Therefore, the reasons to infer an action for injunctive relief apply with more force to those provisions than they do to the nonjudicial foreclosure statute more broadly.

Plaintiff does not allege any violation section 2924g(d) or any other timing provision of the nonjudicial foreclosure statute. See SAC ¶¶ 30-32 (invoking Cal. Civ. Code §§ 1511 & 2924(a)(1)(C)). Her allegations stem from her claims that she is not in breach of her loan agreement and that Defendants are not entitled to foreclose. This situation is much more squarely controlled by Gomes. California law does not appear to recognize injunctive relief as an available remedy for the violations of the wrongful foreclosure statute that Plaintiff has pled in her complaint.

The Court will DISMISS this claim.

/ / /

**B.     ECOA**

In its Previous Order, this Court adopted the approach of other courts which have "recognized that the ECOA's notice requirements are distinct from the prohibition against discrimination in lending." Previous Order, 2013 WL 6001924, at *11. The Court dismissed the claims as insufficiently pled, and granted Plaintiff "leave to amend the complaint to re-assert an ECOA claim that Defendants violated the notice requirements applicable to her July 2012 loan modification application, and/or to assert that she was discriminated against in lending." Id. at *13.

The SAC pleads both theories. SAC ¶¶ 34-39.

### 1.     Procedural Notice Claim

The Court previously held that, since Plaintiff had not alleged any "adverse action" within the meaning of 15 U.S.C. § 1691(d)(6), she had failed to state a claim under ECOA. The Court held that, if Plaintiff "chooses to assert the procedural notice claim, she must allege new facts not contained in the FAC which demonstrate that she was not delinquent or in default on her payments at the time the notice requirement was violated." Id. The SAC contains no such new factual allegations. Therefore, for the same reasons discussed in the Previous Order, the Court finds that Plaintiff has not stated a claim for violation of the ECOA provisions which only apply to "adverse actions." 15 U.S.C. § 1691(d)(2)-(6).

However, Plaintiff points out that 15 U.S.C. § 1691(d)(1), which provides that "a creditor shall notify the applicant of its action on the application" . . . "[w]ithin thirty days . . . after receipt of a completed application for credit," is not limited to "adverse action[s]." Defendants do not respond to this argument on Reply, and the authority they cite is applying the concept of an "adverse action," without discussing the distinction between 15 U.S.C. § 1691(d)(1) and the remaining subsections of section 1691(d). See 12 C.F.R. § 202(c)(2)(ii); Owens v. Bank of Am., No. 11-cv-4580-YGR, 2012 WL 5340577, at *4, 2012 U.S. Dist. LEXIS 154435, 11 (N.D. Cal. Oct. 25, 2012).

The Court will consider this claim dismissed insofar as it alleges a violation of 15 U.S.C. § 1691(d)(2)-(6). However, Defendants have not met their burden of demonstrating that Plaintiff

4

has failed to state a claim for violation of 15 U.S.C. § 1691(d)(1).

### 2. Lending Discrimination Claim

"While the Ninth Circuit has not had an opportunity to articulate a standard for ECOA discrimination claims, other circuits apply a multi-element test to determine whether a plaintiff properly has pleaded a claim of discrimination under the ECOA." Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009). "To satisfy this test, plaintiff must allege that: (1) she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being qualified." Id. (citing Chiang v. Veneman, 385 F.3d 256, 259 (3d Cir. 2004)). In the Previous Order, the Court noted that "[i]f . . . [Plaintiff] chooses to amend the complaint to assert a lending discrimination claim, she must specifically clarify that that is the nature of her claim, and satisfy the Hafiz pleading requirements with specific, non-conclusory factual allegations." 2013 WL 6001924, at *13.

In the SAC, Plaintiff has added no pertinent factual allegations demonstrating that she was "qualified for credit" and "denied . . . despite being qualified." She alleges that she submitted a completed loan modification in July 2012, but beyond that she makes only a conclusory assertion that she "qualified for the extension of credit, however, she was denied credit anyways, presumably because of her national origin." SAC ¶ 37. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" as well-pled factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). What she alleges is that representatives at BANA *told her* that she would qualify for a loan modification if she took certain steps. SAC ¶¶ 12, 14. Whether or not this is actionable, it does not sufficiently plead that she actually was qualified for credit.

Although the Court will deny the motion to dismiss Plaintiff's ECOA claim, the only part of that claim that survives is for violation of 28 U.S.C. § 1691(d)(1)(a)'s notice requirement.

### C. Promissory Estoppel, Fraud and Negligent Misrepresentation

Plaintiff's fifth, sixth, and seventh causes of action are for promissory estoppel, fraud, and negligent misrepresentation. Each of these torts requires Plaintiff to plead reasonable reliance in order to state a claim. In its Previous Order, after concluding that Plaintiff had failed as a matter

5

of law to plead the reasonability of her reliance, the Court granted "Plaintiff [] . . . leave to re-assert th[ese] cause[s] of action only if she can allege new facts not in the FAC which demonstrate the reasonability of her reliance, or if she clarifies that she only seeks to recover damages incurred during a very short period following August 2011." Previous Order, 2013 WL 6001924, at *17. Plaintiff has done neither in the SAC.

Instead, Plaintiff continues to argue, as she did in response to the last motion to dismiss, that the facts pled in FAC and SAC are sufficient to survive a motion to dismiss. The authority she cites is distinguishable. In Harris v. Wells Fargo Bank, N.A., the bank "*repeatedly* promised [Harris] that her failure to make monthly payments would not result in default, late fees, or negative credit consequences during the pendency of her loan modification application." No. 12-CV-05629-JST, 2013 WL 1820003, at *11 (N.D. Cal. Apr. 30, 2013) (emphasis added). Here, as the Court noted in the Previous Order, the complaints both "allege[] that Plaintiff, while being been willing and able to pay her monthly payments, chose to go into default and remain in that state for more than two years, without ever getting any clear indication that a loan modification was imminent, and long after she could reasonably have expected that she would suffer no negative repercussions for defaulting." Previous Order, 2013 WL 6001924, at *15. In Harvey v. Bank of Am., N.A., the court appeared to only be considering the reasonability of the plaintiff's reliance in "missing three of his monthly payments" in reliance on the bank's promises, and the plaintiff in that case later attempted to begin making his payments to the bank and was refused. 906 F. Supp. 2d 982, 987, 993 (N.D. Cal. 2012).

Plaintiff's fraud-based claims are DISMISSED.

### E.     Leave to Amend

In her opposition, Plaintiff "requests leave to amend" in the event that the allegations are found insufficient," but she does not identify any new factual allegations she would plead if given leave.

This is Plaintiff's second amended complaint. "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013), cert. denied, No. 13-763, 2014 WL 684134 (U.S. Feb.

24, 2014) (quoting Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir.1996)). Plaintiff used the previous grant of leave as an opportunity to relitigate precisely the same arguments she made in the first round of briefing with regard to the reasonability of her reliance. "[A] district court does not 'abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'"" Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (quoting Vincent v. Trend W. Technical Corp., 828 F.2d 563, 570-71 (9th Cir. 1987)). As to the § 2924 cause of action, and the dismissed ECOA theories, the Court gave "Plaintiff[] specific instructions on how to amend the complaint, and Plaintiffs did not" meet those requirements. Salameh, 726 F.3d at 1133. It appears clear that Plaintiff cannot plead any new factual allegations consistent with her previous two complaints that will salvage those claims. Leave to amend is DENIED.

### III. CONCLUSION

The second, fifth, sixth and seventh causes of action pled in the Second Amended Complaint are DISMISSED WITH PREJUDICE. Plaintiff's third cause of action is not dismissed, but is only viable on the theory that Defendants violated 28 U.S.C. § 1691(d)(1)(a)'s notice requirement.

The Court hereby SETS a case management conference in this case for May 28, 2014 at 2:00 p.m. A joint case management statement, including a proposed case schedule, is due ten court days before the conference. If the parties cannot stipulate jointly to a proposed schedule, they should submit competing scheduling proposals and the Court will endeavor to choose the single proposal that appears most reasonable.

**IT IS SO ORDERED.**

Dated: April 22, 2014

_____
JON S. TIGAR
United States District Judge